### 22247. WEST v. HATCHER.

SUBMITTED NOVEMBER 12, 1963—DECIDED JANUARY 10, 1964.

*O. L. Crumbley*, for plaintiff in error.

GRICE, Justice. For review here is the sustaining of a plea of res judicata to a petition for habeas corpus.

The litigation began when Laura M. West filed a petition in the Superior Court of Bibb County seeking custody of certain minor children. She alleged that she is their paternal grand-

mother, that their parents were granted a divorce by which the father was awarded custody, that he subsequently died, that they have no guardian and a custodian for them is needed, that by reason of petitioner's care and training of the children she is a fit person for their custodian, and that the children's mother, Evelyn C. Hatcher, resides in Bibb County. The petition prayed that process issue to the mother, that the matter be referred to the Juvenile Court of Bibb County, that petitioner be appointed custodian, and for general relief. The matter embraced in that petition was transferred by the Superior Court of Bibb County to the Juvenile Court of Bibb County for it to investigate and make temporary and permanent awards of custody.

To that petition the mother filed general demurrers, which the juvenile court on May 6, 1963, sustained upon each and every ground, thereby dismissing the petition.

Several days later the grandmother filed a second petition in the Superior Court of Bibb County, naming the mother as defendant. This petition repeated substantially the allegations of the first, and also alleged that there had been material changes in circumstances substantially affecting the welfare of the children, and that by reason of specific acts the mother was not a fit and proper custodian. The petition prayed for writ of habeas corpus and other relief. This matter was likewise transferred by the Superior Court to the Juvenile Court of Bibb County for investigation, hearing and determination of custody.

To this second petition the mother interposed a plea of res judicata, predicated upon the aforesaid May 6, 1963, judgment of the Juvenile Court of Bibb County, which sustained her general demurrers to and dismissed the first petition. The judge of the juvenile court sustained the mother's plea of res judicata and dismissed the grandmother's petition.

Error is assigned by the grandmother upon the sustaining of the plea.

As to res judicata, our Code provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment

shall be reversed or set aside." *Code* § 110-501. *Code* § 3-607 is to the same effect. The sustaining of a general demurrer to a petition is such a conclusive judgment. *Code* § 110-504.

However, the judgment now claimed to be res judicata was rendered by a court which lacked jurisdiction of the subject matter and, for that reason, was not res judicata. See such cases as *Dix v. Dix*, 132 Ga. 630 (3) (64 SE 790), and *Langston v. Nash*, 192 Ga. 427, 430 (15 SE2d 481).

Juvenile courts are courts of limited jurisdiction. Their jurisdiction is specified by *Code Ann.* §§ 24-2408 and 24-2409 (Ga. L. 1951, p. 291, as amended). Section 24-2408 did not provide jurisdiction in the juvenile court for the matter contained in the first petition here. Except for subsection 5, it relates to *original* jurisdiction of juvenile courts. That subsection provides for transfers to juvenile courts, but only of the issue of custody in cases of which courts of record have exclusive jurisdiction, which was not the situation here. Section 24-2409 likewise did not authorize jurisdiction here. It provides for transfer to juvenile courts of three types of cases, none of which was involved here: (1) criminal or quasi-criminal charges against children under 17 years of age, (2) custody of children in divorce cases, and (3) habeas corpus cases involving the custody of children. Obviously, the prior petition was neither of the first two. Nor was it the third. The issue in a habeas corpus proceeding is legality of detention at the time of the hearing. *Code* § 50-101; *Richardson v. Hall*, 199 Ga. 602 (34 SE2d 888). The first petition did not allege any detention whatever and did not pray for the writ of habeas corpus to issue. Rather, it only sought the appointment of a custodian for the minors. Thus, the matter embraced in that petition was not one of which the juvenile courts are given jurisdiction upon transferral, and the judgment therein was not res judicata.

This holding renders unnecessary the consideration of other reasons advanced as to why res judicata did not attach from the judgment.

The sustaining of the mother's plea of res judicata was error.

*Judgment reversed. All the Justices concur.*