## 69195. EDWARDS v. EDMONDSON.
### (326 SE2d 550)

McMurray, Presiding Judge.

This is an action on a contract, originally filed in the Magistrate Court of Troup County by plaintiff Edmondson against defendants John Edwards, Sr. and Duane Edwards. The trial of the case in the magistrate court resulted in a verdict for plaintiff for $335 plus court cost.

Plaintiff appealed to the Superior Court of Troup County, where the trial de novo before a jury resulted in a verdict in favor of plaintiff for $1,095.10. Following the verdict, a motion for judgment notwithstanding the verdict was granted in favor of defendant Duane Edwards, and judgment was entered against the remaining defendant John Edwards, Sr.

Subsequently, defendant John Edwards, Sr. filed his motion for new trial and judgment notwithstanding the verdict, contending that he was a non-resident of Troup County at the time the action was filed, and that the trial court lacked proper jurisdiction or venue to enter a judgment against him. Following the denial of his motion for new trial and judgment notwithstanding the verdict, defendant John Edwards, Sr. appeals. *Held*:

The answer of defendant Duane Edwards admits that he is a resident of Troup County. The answer of defendant John Edwards, Sr. denies that he is a resident of Troup County and avers that he is a resident of Muscogee County. Thus, prior to the grant of defendant's motion for judgment notwithstanding the verdict in regard to defendant Duane Edwards, venue was properly in Troup County. See OCGA § 9-10-31. However, upon the entry of judgment in favor of defendant Duane Edwards (the resident defendant), defendant John Edwards, Sr. properly reasserted his non-residency. See *Evans v. Montgomery Elevator Co.*, 159 Ga. App. 834, 835 (285 SE2d 263).

The only evidence as to the residence of defendant John Edwards, Sr. is his testimony that at the time the work under the contract was begun (which was prior to the filing of this action), he was a resident of Muscogee County. Under the doctrine (or presumption) of continuity, this residence is presumed to have continued due to the absence of any evidence of change. *Mattison v. Travelers Indem. Co.*, 157 Ga. App. 372, 374 (277 SE2d 746); *State Farm Mut. Auto. Ins. Co. v. Gazaway*, 152 Ga. App. 716, 719 (263 SE2d 693); *Victoria Corp. v. Fulton Plumbing Co.*, 150 Ga. App. 540, 544 (258 SE2d 252). Thus, the record indicates that the residence of defendant John Edwards, Sr. at the time of the filing of this action was Muscogee County.

In ruling upon his motion for new trial and judgment notwithstanding the verdict, the trial court determined that defendant John Edwards, Sr. "moved to Troup County approximately two weeks prior

to trial in the Superior Court in February, 1984 and remained a resident at all times thereafter." The trial court noted that the Georgia Constitution of 1983, Art. VI, Sec. II, Par. VI provides in part: "All other civil cases . . . shall be tried in the county where the defendant resides . . ." The trial court's order on the motion contains the following quote which is taken from *Davis v. Central R. & Banking Co.*, 17 Ga. 323, 335 and *Martin & Thompson Inc. v. Allen*, 188 Ga. 42, 44 (2 SE2d 668): " 'Upon the whole, what we think was meant by the part of the Constitution in question [Art. VI, Sec. II, Par. VI (formerly Art. VI, Sec. XIV, Par. VI (Code Ann. § 2-4306))] is this: that all civil cases are to be tried in the County in which the Defendant resides — the County in which he resides to be ascertained by the law of residence, which may happen to be in existence at the time when the case arises, *or perhaps at the time when the case is to be tried.*' " (Emphasis supplied.) Apparently relying upon the emphasized language the trial court determined that it had venue inasmuch as defendant John Edwards, Sr. resided in Troup County at the time of trial (in the superior court). In this connection, we note that we are unable to find any evidence in the record and transcript of the proceedings to support the factual premise that defendant John Edwards, Sr. has moved to Troup County. However, our view of the case sub judice does not require that we address any of the issues which may arise from the absence of such evidence.

"[F]or purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor." *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629). A change of residence by defendant after the filing of an action does not result in a change of venue. *Westmoreland v. Westmoreland*, 243 Ga. 77, 78 (252 SE2d 496). See also *Weatherly v. Cotter*, 142 Ga. 457 (1) (83 SE 104). In view of the holding in *Hall v. Hopper*, 234 Ga. 625, 631, 632 (216 SE2d 839) we must follow the rule stated in the Supreme Court's more recent cases cited above rather than the earlier decisions, which earlier decisions may have been relied upon by the trial court. Therefore, we hold that the residence of John Edwards, Sr., for purposes of determination of venue in the case sub judice, was determined by his residence at the time of the filing of the action, which was Muscogee County.

Following the judgment notwithstanding the verdict in favor of the resident defendant Duane Edwards, the trial court was without jurisdiction or venue to enter the judgment against defendant John Edwards, Sr., a nonresident of Troup County (for purposes related to venue) and the sole remaining defendant. *Byrd v. Moore Ford Co.*, 116 Ga. App. 292, 295 (2) (157 SE2d 41); *O'Neill v. Western Mtg. Corp.*, 153 Ga. App. 151 (264 SE2d 691); *Campbell v. Southern Bell Tel. &c. Co.*, 161 Ga. App. 589, 591 (3) (288 SE2d 919); *Russell v.*

*Hall,* 165 Ga. App. 547 (301 SE2d 904); *Timberlake Grocery Co. of Macon v. Cartwright,* 146 Ga. App. 746 (247 SE2d 567). The proper order, as to defendant John Edwards, Sr., is an order transferring this case, as to the nonresident, pursuant to Art. VI, Sec. I, Par. VIII of the 1983 Constitution. Compare *Moritz v. Sunbeam Appliance Service Co.,* 146 Ga. App. 49, 50 (2) (245 SE2d 362), decided prior to the 1983 Constitution.

*Judgment reversed with direction that the trial court enter an order transferring the case as to the non-resident defendant. Sognier, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JANUARY 28, 1985.

*Hoke J. Thomas, Jr.,* for appellant.
Charles Edmondson, *pro se.*