### 72543. EDWARDS v. EDMONDSON.
(349 SE2d 36)

DEEN, Presiding Judge.

The application for discretionary appeal, pursuant to OCGA § 5-6-35 (a) (b), was granted in this case because it is clear from the record that the default judgment below was erroneously entered against Duane Edwards, co-defendant below, through clerical error which occurred in the office of the Clerk of the Superior Court of Muscogee County.

At the inception of the underlying civil action, filed in Troup County, defendant Duane Edwards lived in Troup County but co-defendant John Edwards resided in Muscogee County; before trial, however, John Edwards moved to Troup County. A Troup County jury found for Edmondson against both Edwardses, but when plaintiff Edmondson admitted in open court that he had no claim against Duane Edwards, the trial court granted judgment n.o.v. with regard to Duane Edwards. John Edwards appealed from the judgment against him on the ground of improper venue, and this court remanded the case to Troup County with direction that the case against John Edwards be transferred to Muscogee County. *Edwards v. Edmondson*, 173 Ga. App. 353 (326 SE2d 550) (1985). It was upon effectuation of the transfer that the Muscogee County Clerk's office failed to delete the name of Duane Edwards from the style of this case.

As the culmination of a series of events which appellant neither presents clearly nor documents at all, a default judgment was entered in Muscogee County against both John Edwards and Duane Edwards. This court granted a discretionary appeal from the default judgment,

and appellants now enumerate the following errors: (1)-(3), the trial court erred in several respects regarding notice to appellants' counsel; and (2) the court erred in granting a default judgment against Duane Edwards, who was not a Muscogee County resident and was not properly a party to the Muscogee County action. *Held*:

1. Appellants' arguments regarding the Uniform Rules for the Superior Courts and allegations regarding the actions of the trial court and the calendar clerk vis-a-vis notice of the scheduling of the trial fail to persuade us that in fact no sufficient notice was provided. We find the first three enumerations of error to be lacking in merit.

2. The Troup County Superior Court's award of judgment notwithstanding the verdict with respect to Duane Edwards is *res judicata*, and for this reason alone, even without the venue issue, he should not have been included as a party to the Muscogee County action. We remand the case to the Muscogee County Superior Court with direction that the judgment be corrected. See OCGA § 9-11-60 (g).

3. We note that, rather than applying for a discretionary appeal, the more usual procedure would have been for appellant Duane Edwards to move to set aside the judgment, pursuant to OCGA § 9-11-60 (d), and for appellant John Edwards to move to open default, as provided in OCGA § 9-11-55 (b). Under the circumstances, however, and in the interest of judicial economy, we nevertheless granted the appeal so as to correct the mistaken inclusion of Duane Edwards as a defendant in the action below.

*Judgment affirmed in part, reversed in part and case remanded with direction. Benham and Beasley, JJ., concur.*

DECIDED SEPTEMBER 22, 1986.

*Hoke J. Thomas, Jr.*, for appellant.
*Ronald S. Iddins, G. Michael Agnew*, for appellee.