76837. WHITE REPAIR & CONTRACTING COMPANY
v. OVIEDO et al.
(373 SE2d 784)

CARLEY, Judge.

Appellee-defendant Dr. J. R. Oviedo is a resident of Spalding County and the owner of a Fulton County apartment complex. The apartment complex was managed by appellee-defendant Fulton Associates, a corporation which maintains its registered office in DeKalb County. The chief executive officer of appellee Fulton Associates is appellee-defendant William Fulton, who is a resident of Fulton County. After the apartment complex was damaged by fire, appellee Dr. Oviedo instructed appellee Mr. Fulton to settle the property damage claim with the insurance company and to use the insurance proceeds to restore the damaged apartments to their former condition.

Appellee Fulton Associates contracted with appellant-plaintiff White Repair & Contracting Company for the performance of the repair work. When appellant was not paid for the repair work, it filed this suit against appellee Dr. Oviedo in Spalding County, seeking to recover from him the amount that it claimed to be owed under the contract. Appellant's complaint alleged that appellee Fulton Associates was the agent of appellee Dr. Oviedo and that appellee Dr. Oviedo, as the principal, was personally bound by and was personally liable on the contract. Appellee Dr. Oviedo answered, denying the material allegations of the complaint. Appellant subsequently sought and obtained leave to amend its complaint so as to add appellees Fulton Associates and Mr. Fulton as defendants in the action.

Appellee Dr. Oviedo and appellant filed cross-motions for summary judgment. The trial court denied appellant's motion for summary judgment and granted summary judgment in favor of appellee Dr. Oviedo. The trial court then dismissed appellant's complaint as against appellees Fulton Associates and Mr. Fulton, finding that, as to them, venue in Spalding County was no longer proper. In addition, the trial court granted various other motions which appellee Dr. Oviedo had filed in the case, but upon which the trial court had not ruled

prior to granting his motion for summary judgment. Appellant appeals from the trial court's order.

1. Appellant enumerates the trial court's grant of appellee Dr. Oviedo's motion for summary judgment as error, urging that a genuine issue of material fact remains as to whether he was personally bound by the contract which only appellee Fulton Associates had negotiated and signed.

The undisputed evidence shows that appellee Dr. Oviedo had requested that appellee Mr. Fulton serve as the "supervisor and/or general contractor" for the repair work, had authorized him to "sub-out all or any part of the work as [he] saw fit" and had given him the "responsibility to see that the building is restored to its condition prior to the fire damage." The fee for providing this service was to be included in the settlement with the insurance company. Accordingly, the issue to be resolved is whether, under this evidence, appellee Fulton Associates was the agent of appellee Dr. Oviedo such that the latter would be personally bound by the contract which was negotiated and signed only by the former.

" 'The test to be applied in determining whether the relationship of the parties under the contract for performance is that of master and servant or that of employer and independent contractor lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract. [Cits.]' [Cit.]" *Spell v. Port City Adhesives*, 183 Ga. App. 816, 817 (1) (360 SE2d 63) (1987). "The fact that a contractor employs, controls, and assumes entire charge over [the work] and that the employer neither has nor exercises any control, has, by many courts, including our own, been held practically decisive of the question of the independence of the contract ([cits.]). . . ." *Bentley v. Jones*, 48 Ga. App. 587, 591 (173 SE 737) (1934). When this test is applied to the undisputed evidence in the instant case, it is clear that the relationship between appellee Dr. Oviedo and appellee Fulton Associates was that of employer and independent contractor rather than that of principal and agent. Since appellee Fulton Associates "was an independent contractor and in no sense the agent of [appellee Dr. Oviedo] for the purpose of [contracting with appellant for the repair work], and [appellee Dr. Oviedo] was not liable to [appellant] for the [amount due under the contract.] [Cits.]" *United Painting &c. Decorating Co. v. Dunn*, 137 Ga. 307 (73 SE 492) (1912). See also *Lynn v. Miller Lumber Co.*, 146 Ga. App. 230 (1) (246 SE2d 137) (1978). Accordingly, the trial court correctly granted summary judgment in favor of appellee Dr. Oviedo.

2. Appellant enumerates as error the trial court's dismissal of its complaint as against appellees Fulton Associates and Mr. Fulton.

When appellee Dr. Oviedo, the only resident defendant, was granted summary judgment, venue in Spalding County was no longer proper as to appellees Fulton Associates and Mr. Fulton, the non-resident defendants. See OCGA § 9-10-34 (c). It was, however, error to dismiss appellant's complaint as against them. The trial court should have entered an order transferring the case to a court where venue would be proper. See generally *Edwards v. Edmondson*, 173 Ga. App. 353, 354-355 (326 SE2d 550) (1985).

3. As indicated previously, appellee Dr. Oviedo had various other pending motions in the case in addition to his motion for summary judgment. The trial court did not rule on these other pending motions prior to granting summary judgment in favor of appellee Dr. Oviedo. Instead, the trial court, in the same order wherein it had previously granted the motion for summary judgment, purported to grant appellee Dr. Oviedo's other motions. Appellant enumerates the trial court's grant of these other motions of appellee Dr. Oviedo as erroneous.

"[T]he grant of a motion for summary judgment under [OCGA § 9-11-56 (b)] would terminate the underlying action. . . ." [Cit.] *Cato Oil &c. Co. v. Lewis*, 250 Ga. 24, 26 (2), fn. 1 (295 SE2d 527) (1982). Accordingly, once the trial court had granted summary judgment in favor of appellee Dr. Oviedo, the action as against him was terminated. Thus, when the trial court undertook thereafter to grant appellee Dr. Oviedo's other motions, it was granting the motions of one who had no standing as a party to the action. See generally *Lankford v. Holton*, 197 Ga. 498 (29 SE2d 498) (1944). Moreover, once the trial court had granted appellee Dr. Oviedo's motion for summary judgment, venue of appellant's remaining action as against appellees Fulton Associates and Mr. Fulton was no longer proper in Spalding County. Thus, when the trial court granted appellee Dr. Oviedo's other motions, it was ruling in an action which should have been transferred to another court where venue was proper. See generally *Edwards v. Edmondson*, supra.

It follows that to give any legal effect to the trial court's subsequent grant of the other pending motions of appellee Dr. Oviedo's would be to sanction the exercise of control over appellant's suit against appellees Fulton Associates and Mr. Fulton by a trial court wherein proper venue over that suit was lacking. As we have held in Division 2, after the trial court had granted appellee Dr. Oviedo's motion for summary judgment, "[t]he proper order . . . [was] an order transferring [appellant's] case, as to the nonresident [appellees Fulton Associates and Mr. Fulton], pursuant to Art. VI, Sec. I, Par. VIII of the 1983 Constitution. [Cit.]" *Edwards v. Edmondson*, supra at 355. It necessarily follows that the trial court's grant of appellee Dr. Oviedo's motions other than his motion for summary judgment must be reversed. Rulings and orders in appellant's suit against appellees

Fulton Associates and Mr. Fulton can be sought only by the parties to that action and can be entered only by a trial court wherein venue properly lies.

4. The grant of summary judgment in favor of appellee Dr. Oviedo is affirmed. The grant of Dr. Oviedo's other motions is reversed. The dismissal of appellant's complaint as against appellees Fulton Associates, Inc., and Mr. Fulton is reversed and remanded with direction that the trial court enter an order transferring the case to a court in which venue would be proper.

*Judgment affirmed in part and reversed in part and case remanded with direction. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED OCTOBER 4, 1988 

*Nancy A. Bradford, Larry H. Evans,* for appellant.
*Robert H. Smalley, Jr., Tyler C. Dixon,* for appellees.