## 77920. McCLEARY v. WHITE REPAIR & CONTRACTING COMPANY.

(378 SE2d 897)

CARLEY, Chief Judge.

Appellee-plaintiff filed suit, seeking to recover against appellant-defendant for the breach of a written contract to make repairs to an apartment complex. According to the terms of the agreement, appellee, as the "Contractor," had contracted with "Fulton Associates, Inc. & Azalea Place Apts.," as the "Owner." The contract was signed by William Fulton, as "Agent for Owner." Appellant answered and raised, among his other defenses, the absence of any contractual relation between appellee and himself.

Appellant subsequently moved for summary judgment. The trial court denied appellant's motion, but certified its order for immediate review. We granted appellant's application for an interlocutory appeal to determine whether a genuine issue of material fact remains as to his personal liability on the contract.

The undisputed evidence of record with regard to the relationship between appellant and Fulton Associates, Inc., is, in all material aspects, identical to that in *White Repair & Contracting Co. v. Oviedo*, 188 Ga. App. 672 (373 SE2d 784) (1988). "[I]t is clear that the relationship between [appellant] and . . . Fulton Associates [Inc.] was that of employer and independent contractor rather than that of principal and agent." *White Repair & Contracting Co. v. Oviedo*, supra at 673 (1). It follows that here, as there, no genuine issue of material fact remains as to appellant's personal liability on the contract which was negotiated and signed by an independent contractor rather than by appellant's agent. The trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 10, 1989.

*James M. Anderson III*, for appellant.
*Moore & Rogers, Stephen C. Steele, David P. Oliver, Raiford, Dixon & Thackston, Tyler C. Dixon*, for appellee.