A89A0568. IN THE INTEREST OF J. O.
(382 SE2d 214)

BEASLEY, Judge.

J. O. was adjudicated delinquent and in need of treatment and rehabilitation, OCGA § 15-11-33, as the result of an assault upon the victim with a shotgun, OCGA § 16-5-21 (a) (2). J. O. was age sixteen at the time. The order of commitment was entered by the juvenile court on July 21, 1988.

On August 2, 1988, a "Motion for New Trial," called by the court a motion to "reconsider," was filed. It asserted the general grounds and that the State had failed to prove guilt beyond a reasonable doubt, based on the judge's oral statement that he made his finding "by a preponderance of the evidence — I believe is the requirement now. . . ." The judge had asked the parties if that was correct, to which the State replied affirmatively. Counsel for J. O. did not respond.

On November 8, 1988, the court entered a "Ruling On Juvenile's Motion To Reconsider." It stated that while a juvenile court may not entertain a motion for new trial, it has the inherent power to modify or reconsider its judgment during the pendency of the juvenile's time for appeal, citing *In re P. S. C.,* 143 Ga. App. 887 (240 SE2d 165) (1977). Although 30 days had long passed since the original order, the court also ruled that the filing of the motion, which was within the 30-day period, tolled the time for appeal, citing *A & D Barrel &c. Co. v. Fuqua,* 132 Ga. App. 827 (209 SE2d 272) (1974).

1. In every case, this court is required to ascertain whether it has jurisdiction, even if it is not raised by either party. *Patterson v. Flint,* 182 Ga. App. 650, 653 (356 SE2d 670) (1987); *Newton v. K. B. Property Mgmt. &c.,* 166 Ga. App. 901, 902 (306 SE2d 5) (1983).

Juvenile courts are courts of limited jurisdiction, possessing only those powers specifically conferred upon them by statute. *West v. Hatcher,* 219 Ga. 540, 542 (134 SE2d 603) (1964). See OCGA § 15-11-

5. The court was correct as to the motion for new trial vehicle. Such courts are without the power given to "superior, state, and city courts" by OCGA § 5-5-1 to consider and grant new trials.

The court traveled, instead, at least nominally on a motion to reconsider. However, the power to act recognized by *In re P. S. C.* had ended on the thirtieth day after the initial order of July 21, according to the analysis adopted in that case. The trial court there had acted within thirty days to vacate the initial order, in effect, by granting a rehearing before a different judge. Here the court did not exercise this "inherent" power until well beyond the appeal period.

*A & D Barrel,* supra, was based on the wording of OCGA § 5-6-38 (a) and gives no separate basis for tolling in the juvenile court context.

OCGA § 15-11-42, on the other hand, provides the vehicle for correction of juvenile court orders. It sets no time limits. Relief may be sought by the *petition* of one of a wide variety of persons involved with the child. See subsection (c). A hearing is to be held, subsection (d), and the original order of the juvenile court "shall be set aside if: (1) [i]t appears that it was obtained by . . . mistake sufficient therefor in a civil action; . . ." Subsection (a) (1).

The "motion for new trial" in this case was in effect a petition under this remedial law. The "motion" challenged the original order as having been based on the wrong standard of proof in the trial, an alleged mistake of law. The court did hold a hearing and addressed the issue raised. Following this it entered a new order which stated that it "supersedes" the original order, resulting in the original order's being set aside.

The fact that the court denominated the child's "motion" as a "motion to reconsider" is not controlling. It is substance and not nomenclature which governs. *Birt v. State,* 256 Ga. 483, 485 (3) (350 SE2d 241) (1986). This applies both to the "motion" itself and to the court's labeling of it. The nature of the motion, the court's consideration of it, the procedure employed, and the final outcome all met the procedural requirements of OCGA § 15-11-42 (see also UJCR 16) so as to give the juvenile court jurisdiction to take the action now complained of. Since the notice of appeal was filed within 30 days of the new order, it was timely, OCGA §§ 15-11-64 and 5-6-38 (a), and we have jurisdiction to address the merits.

2. The first enumeration alleges that the juvenile court commitment should be reversed because the court applied the incorrect burden of proof in the adjudicatory phase. In ruling on the petition, the court explained that its remark at trial was a mere lapsus linguae and that it knew and had applied the correct standard of proof. It expressly wrote that "the evidence addressed at the adjudicatory hearing shows, beyond a reasonable doubt, that the juvenile did in fact

commit the delinquent act of aggravated assault." It entered a new order stating that it found the delinquency beyond a reasonable doubt. See OCGA § 15-11-33 (c); *In the Interest of C. D. L.*, 184 Ga. App. 412 (361 SE2d 527) (1987); *T. K. v. State*, 126 Ga. App. 269 (190 SE2d 588) (1972).

There having been no error in the standard of proof actually applied, the enumeration fails to achieve reversal and remand for further findings. Cf. *In the Interest of C. T. L.*, 182 Ga. App. 845 (357 SE2d 298) (1987); *In re R. L. Y.*, 181 Ga. App. 14, 15 (351 SE2d 243) (1986).

3. Complaint is also made here that the fact that J. O. was already on probation for another violation was improperly considered by the court. On the two occasions when this was referred to, however, no objection was voiced below. It will not be considered here for the first time. *Hall v. State*, 189 Ga. App. 267 (375 SE2d 460) (1989).

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 10, 1989.

*Alan P. Layne*, for appellant.

*Richard A. Malone, District Attorney, William S. Askew, Assistant District Attorney*, for appellee.