A89A0735. WEITZEL et al. v. GRIFFIN & ASSOCIATES.
A89A0736. WEITZEL et al. v. FRIEDLANDER et al.
A89A0737. WEITZEL et al. v. MOULTRIE INSURANCE AGENCY.

(383 SE2d 653)

BEASLEY, Judge.

These cases involve three actions brought in Colquitt County by various creditors against six members of a joint venture which operates a business in Moultrie. Two members of the joint venture reside in Texas and were brought in under the long arm statute, OCGA § 9-10-91, which permits the exercise of personal jurisdiction over nonresidents who transact any business within this state. Two members reside in Henry County and two in Clayton County. In each suit, these four were brought in as joint obligors to a contractual debt.

The four members of the venture who were not residents of Colquitt County moved to transfer the cases to Clayton County. See 1983 Ga. Constitution, Art. VI, Sec. I, Par. VIII. The trial court denied these motions, citing OCGA § 9-10-91 and *Nelson Assoc. v. Grubbs,* 135 Ga. App. 947 (219 SE2d 607) (1975). The aggrieved movants sought and were granted interlocutory review of the orders.

*Nelson Assoc.* held that a nonresident limited partnership which owned land in a Georgia county could be sued in that county even though the general partner resided in another county, under what is now OCGA § 9-10-91 and the equivalent of our present constitutional provision relating to venue of joint obligors (Ga. Const. 1983, Art. VI, Sec. II, Par. IV). It provides that suits against joint obligors residing in different counties may be tried in either county. Our Supreme Court has limited *Nelson* in *Bergen v. Martindale-Hubbell,* 245 Ga.

742 (267 SE2d 10) (1980), which held that, with regard to a nonresident entity which does business in a county, the long arm statute does not declare it to be a resident of the county in which it does business, within the meaning of the constitutional venue provision. The latter "only comes into play when two resident defendants are involved." Id. at 743. Thus, as to the resident joint defendants, suit was not proper in the county where the business of the non-resident was transacted but had to be brought in the county where they resided. The Texans were not "residents" for venue purposes and "nonresidents" for long-arm purposes; they were simply nonresidents.

*Judgments reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 22, 1989.

*Kirbo & McCalley, William C. McCalley*, for appellants.
*Billy G. Fallin*, for appellees.