A90A0065. DOUGLAS v. GILBERT.
(395 SE2d 9)

McMURRAY, Presiding Judge.

Plaintiff Gilbert filed her complaint in this action for damages against defendant Douglas on May 20, 1988. The claim arose from an automobile collision which occurred on May 21, 1986. On June 2, 1988, notorious service upon defendant was attempted by a Fulton County Marshal leaving the complaint and summons with Ruth Hatcher at her home, located at 568 Church St., Atlanta, Fulton County, Georgia. Defendant answered and raised several jurisdiction defenses regarding insufficiency of service, improper venue and lack of jurisdiction over the person of the defendant.

During a deposition taken September 2, 1988, defendant stated that he lived in Greenville, Meriwether County, the mailing address being P. O. Box 348; and defendant further testified that his apartment was on Hill Street, about a block from the post office, and that the number on the door was 348. Defendant also explained that his father resided at the Fulton County address and that he had not lived there, but at the Meriwether County address, since approximately June of 1986.

Plaintiff did not obtain service upon defendant in Meriwether County. On December 20, 1988, defendant filed his motion to dismiss on the grounds of lack of jurisdiction over the person of defendant, insufficiency of process and service of process, and the running of the statute of limitation. Affidavits and other evidence were filed in support of and in opposition to defendant's motion to dismiss. This interlocutory appeal is taken from the denial of defendant's motion to dismiss. *Held*:

Implicit in the state court's denial of defendant's motion to dismiss is a factual finding that on the date of the filing of this action, May 20, 1988, defendant resided at the Fulton County address. *Franek v. Ray*, 239 Ga. 282, 283-285 (236 SE2d 629). The primary issue presented on appeal is whether there is any evidence authorizing the state court's resolution of the factual issue concerning defendant's residence in favor of plaintiff. Specifically, we are concerned with whether the circumstantial evidence upon which plaintiff relied is sufficient to overcome the direct, positive testimony upon which defendant relies.

Plaintiff relies upon the affidavits of two persons and certain documentary evidence. First, the affidavit of the marshal who delivered the documents into the hands of Ruth Hatcher states only that she was told the documents would be passed on to defendant and provides no direct evidence concerning the location of defendant's residence.

The affidavit of the Postmaster of the United States Post Office for Greenville (Meriwether County), Georgia stated that post office box 348 (which defendant had identified as his address) was not rented in defendant's name and had been rented to the same family for the past thirteen years. However, the postmaster also stated that no record was made as to an addressee on mail going to a post office box.

Plaintiff also relied on a number of items of documentary evidence. Defendant's Georgia driver's license, reflects the Fulton County address. However, the license was issued on May 6, 1986, two years prior to the date at issue.

The remaining documents presented by plaintiff are all connected with defendant's employment and all show the Fulton County

address. Defendant's application for employment is dated May 21, 1986. Two tax forms signed by defendant are dated September 15 and 16, 1988. Additionally, two workers' compensation forms and a health insurance form are dated in June of 1987. However, according to the affidavit of the president of defendant's employer, addresses were not updated by the employer so that the address shown on these forms merely reflected that which appears on the 1986 employment application.

In addition to his own statements and those of his employer, defendant presented the affidavits of four other individuals who provided direct evidence as to the location of defendant's residence. Ruth Hatcher stated that she told the marshal who left the suit papers that defendant did not reside with her at the Fulton County address. Defendant's father stated that he (the father) had resided at the Fulton County address for fifteen years and that defendant had lived there only for two or three days in May of 1986. Two of defendant's neighbors at the Meriwether County address stated that they live near defendant, know defendant and his family, and see defendant on a daily basis. One of the neighbors states that defendant has lived at the Meriwether County address for two to three years while the second neighbor does not state the duration of defendant's residence near her.

"The test is whether the circumstantial evidence is 'perfectly consistent' or 'inconsistent' with the direct evidence. [Cits.]" *Mealer v. Gen. Cinema &c. Ga.*, 190 Ga. App. 419, 420 (379 SE2d 192). "[C]ircumstantial evidence which could be taken as *inconsistent* with the direct, positive testimony is sufficient to get the case to a jury. However, the rule where the circumstantial evidence is *consistent* with the direct, positive testimony is different. 'Circumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed.' *Myers v. Phillips*, 197 Ga. 536, 542 (29 SE2d 700) (1944)." *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 781 (257 SE2d 186).

Applying this test to the facts, we find plaintiff's circumstantial evidence insufficient to create an issue of fact concerning the location of defendant's residence on the date this action was filed. Even if, as plaintiff contends, the credibility of defendant and Ruth Hatcher is viewed as having been compromised, there remains positive, uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by plaintiff, which shows that defendant resided at the Meriwether County ad-

dress. Plaintiff's circumstantial evidence did not create an issue of fact.

Pursuant to the Constitution of the State of Georgia of 1983, Art. VI, Sec. I, Par. VIII, and the Uniform Transfer Rules (see 251 Ga. 893), particularly Rule T-4, defendant's motion to dismiss must be treated as a motion to transfer. Since the uncontradicted evidence shows that the State Court of Fulton County, Georgia, lacks venue and personal jurisdiction of defendant, it was error to deny defendant's motion. The State Court of Fulton County, Georgia, is directed to transfer the case sub judice to the Superior Court of Meriwether County, Georgia, in the absence of any State Court of Meriwether County, Georgia.

*Judgment reversed and case remanded with direction. Carley, C. J., and Sognier, J., concur.*

DECIDED MAY 7, 1990 —
REHEARING DENIED MAY 30, 1990.

*Jenkins & Eells, Frank E. Jenkins III, Sharon C. Barnes*, for appellant.
*Nadler, Beskin & Scott, Gary M. Nadler*, for appellee.