A91A2256. IN THE INTEREST OF M. A. L., a child.
(415 SE2d 649)

POPE, Judge.

Appellant, the mother of M. A. L., appeals the order of the Juvenile Court of Clayton County terminating her parental rights. *Held*:

At the outset we must determine our jurisdiction to entertain this appeal, although this issue has not been raised by either party.

The record shows the trial court's order terminating appellant's

parental rights was signed by the juvenile court judge on November 15, 1990, but that the order was not filed until January 28, 1991. Appellant filed a motion for new trial on January 9, 1991. It appears, therefore, that appellant's motion for new trial was prematurely filed. However, and pretermitting the issue of the timeliness of appellant's motion for new trial, we reiterate that a motion for new trial may not be used to attack an order of the juvenile court, inasmuch as a juvenile court has no authority to consider or grant new trials. See OCGA § 5-5-1; *In the Interest of J. O.*, 191 Ga. App. 521 (1) (382 SE2d 214) (1989). Thus a motion for new trial, even when timely filed, will not "toll" the time for filing an appeal in a juvenile court case. See *In the Interest of J. O.*, at (1).

A juvenile court order can be challenged, however, by the filing of a motion to modify or vacate pursuant to OCGA § 15-11-42. Id.; *In re P. S. C.*, 143 Ga. App. 887 (240 SE2d 165) (1977). An order on such a motion filed within the statutory appeal period is appealable to this court, even if the order is rendered more than 30 days from the original order sought to be vacated or modified. *In the Interest of J. O.*, at 522 (1).

In determining whether a motion filed within the 30-day statutory appeal period will be treated as a motion to vacate or modify pursuant to OCGA § 15-11-42, this court will look to the substance of the motion, not its nomenclature. Id. Here, the only motion filed within the 30-day statutory appeal period did nothing more than challenge the sufficiency of the evidence on which the juvenile court's order was based and state that the juvenile court committed error requiring a new trial. The motion made no reference to any of the factors which would warrant the vacation or modification of the court's order under OCGA § 15-11-42. Consequently, the motion in this case cannot be treated as a motion to modify or vacate pursuant to that section. Cf. id.

Although appellant did file a motion under OCGA § 15-11-42 several months later, this motion was well outside the statutory appeal period, which was not extended by the filing of the motion for new trial since, as stated above, such motions are without effect in a juvenile court case. Consequently the only appealable order in this case was the original order terminating appellant's parental rights, filed on January 28, 1991. Appellant filed her notice of appeal on July 18, 1991. It follows that the notice of appeal was not timely filed in this case and we are without jurisdiction to entertain this appeal, which must, therefore, be dismissed.

*Appeal dismissed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992 —
RECONSIDERATION DENIED FEBRUARY 11, 1992 — ▉▉▉▉▉▉

*Randall L. Keen*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Staff Attorney, Foster & Foster, Michael D. Anderson, Lillian L. Neal*, for appellee.