A92A1682. IN THE INTEREST OF C. M., a child.
(423 SE2d 280)

McMURRAY, Presiding Judge.

On July 8, 1991, the Juvenile Court of Chatham County entered an order terminating the parental rights of C. M.'s father and mother. Thereafter, on July 17, 1991, the father filed a "motion for new trial" on the grounds that the order was "contrary to law" and "strongly against the weight of the evidence." The motion was denied on March 25, 1992, and the father appealed on March 31, 1992. Subsequently, on June 5, 1992, the juvenile court entered an order "upon request of counsel," stating that the motion for new trial was treated as a "motion to modify and vacate a prior judgment" pursuant to OCGA § 15-11-42. *Held*:

The Department of Human Resources has moved to dismiss the

appeal, asserting we are without jurisdiction to entertain it. We are constrained to agree.

"Juvenile courts are courts of limited jurisdiction, possessing only those powers specifically conferred upon them by statute. *West v. Hatcher*, 219 Ga. 540, 542 (134 SE2d 603) (1964). See OCGA § 15-11-5. . . . Such courts are without the power given to 'superior, state, and city courts' by OCGA § 5-5-1 to consider and grant new trials." *In the Interest of J. O.*, 191 Ga. App. 521 (1) (382 SE2d 214). "A juvenile court order can be challenged, however, by the filing of a motion to modify or vacate pursuant to OCGA § 15-11-42. Id.; *In re P. S. C.*, 143 Ga. App. 887 (240 SE2d 165) (1977). An order on such a motion filed within the statutory appeal period is appealable to this court, even if the order is rendered more than 30 days from the original order sought to be vacated or modified. *In the Interest of J. O.*, at 522 (1)." *In the Interest of M. A. L.*, 202 Ga. App. 768, 769 (415 SE2d 649).

Was the father's post-trial motion a motion for a new trial or a motion to modify or vacate? The fact that the juvenile court considered the motion as a motion to modify or vacate does not control this issue. *In the Interest of J. O.*, supra at 522 (1). "In determining whether a motion filed within the 30-day statutory appeal period will be treated as a motion to vacate or modify pursuant to OCGA § 15-11-42, this court will look to the substance of the motion, not its nomenclature. Id. Here, the only motion filed within the 30-day statutory appeal period did nothing more than challenge the sufficiency of the evidence on which the juvenile court's order was based and state that the juvenile court committed error requiring a new trial. The motion made no reference to any of the factors which would warrant the vacation or modification of the court's order under OCGA § 15-11-42. Consequently, the motion in this case cannot be treated as a motion to modify or vacate pursuant to that section. Cf. id." *In the Interest of M. A. L.*, 202 Ga. App. 768, 769, supra.

Because the post-trial motion cannot be considered a motion to modify or vacate pursuant to OCGA § 15-11-42, the notice of appeal was not filed in timely fashion. It follows that we are without jurisdiction to entertain this appeal.

*Appeal dismissed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992 —
RECONSIDERATION DENIED SEPTEMBER 23, 1992 —

*Mark J. Nathan*, for appellant.

*Michael J. Bowers*, Attorney General, *William C. Joy*, Senior Assistant Attorney General, *Margot M. Cairnes*, Staff Attorney,

*Beckmann & Lewis, Leo G. Beckmann, Jr.*, for appellee.