A92A2093. LEWIS v. JARVIS.
(427 SE2d 596)

BEASLEY, Judge.

Lewis appeals from an order dismissing his personal injury action against Jarvis for lack of proper venue and expiration of the statute of limitation. The trial court having lacked jurisdiction to enter the order, reversal is required.

Lewis filed his action in Fulton County on April 15, 1991, to recover for auto collision injuries sustained on April 17, 1989. The complaint alleged that Jarvis resided and could be served at a specified address in Fulton County. Service of process was effected by the Fulton County Marshal at that address on April 23, 1991.

Jarvis answered on May 23, asserting failure to state a claim upon which relief could be granted, and raising defenses of lack of personal jurisdiction and improper venue pursuant to OCGA § 9-11-12 (b). On July 18, she filed a motion to dismiss with accompanying affidavit and documentation showing that she continuously resided in Clayton County since 1987. She also asserted, for the first time, a statute of limitation defense. In his reply, Lewis requested that the motion be treated as a motion to transfer venue. With regard to the statute of limitation issue, his attorney averred in a supporting affidavit that he had (erroneously) been informed by the Fulton County Marshal's office that defendant's address as shown on the complaint was located in Fulton County.

On October 31, the trial court ordered that the action be trans-

ferred to Clayton County where a ruling would be made on the statute of limitation defense. On November 7, Jarvis moved for reconsideration, again seeking dismissal of the action. On December 26, the clerk of the Fulton State Court transferred the case to the Clayton State Court, pursuant to the order of October 31.

The State Court of Fulton County entered the order here under review on February 5, 1992, approximately five weeks after the case had been transferred. The court ruled that the action had been improperly filed in Fulton County and that venue was proper in Clayton County. It went further and dismissed the action for lack of proper venue and expiration of the statute of limitation.

It is undisputed and confirmed by the record that defendant Jarvis, during the relevant periods, was a resident of Clayton County. All civil cases of this nature are to be tried in the county where the defendant resides. Ga. Const. 1983, Art. VI, Sec. II, Par. VI; *Shaheen v. Dunaway Drug Stores*, 246 Ga. 790 (273 SE2d 158) (1980). Jarvis preserved the issues of lack of service and improper venue by pleading them in accordance with OCGA § 9-11-12, and by reasserting them in her motion to dismiss. *Shaheen*, supra. Accordingly, Fulton County lacked in personam jurisdiction over Jarvis and venue was proper in Clayton County. Id.; *Williams v. Fuller*, 244 Ga. 846 (262 SE2d 135) (1979).

Pursuant to the authority of Ga. Const. 1983, Art. VI, Sec. I, Par. VIII; OCGA § 9-11-12; Uniform Transfer Rules T-1 through T-4; and Uniform Superior Court Rule 19.1 (applicable to the State Courts under Uniform State Court Rule (A)), Jarvis' motion to dismiss was to be treated as a motion to transfer, and the case was properly transferred to Clayton County pursuant to the October 31 order of the Fulton court.

Since the trial court lacked jurisdiction over defendant, its order of February 5 dismissing the action was void and nugatory. OCGA § 9-12-16; *Williams*, supra at (3). Upon receipt of the case by the Clayton clerk, the case should have continued "as though initially commenced there. . . ." Uniform Transfer Rule T-13. Accordingly, the action remains pending in Clayton County.

"The statute of limitation defense is a matter to be considered by a court having proper jurisdiction of the merits. [Cit.]" *Hight v. Blankenship*, 199 Ga. App. 744, 745 (406 SE2d 241) (1991). The Clayton court, not the Fulton court, is to make the determination of due diligence; its discretion, not the Fulton court's, is to be exercised.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

248

DECIDED FEBRUARY 4, 1993.

*Jim White, P. C., Fred R. White*, for appellant.
*Clifton Lee & Associates, Clifton Lee, Jean F. Johnson*, for appellee.