A94A0720. IN THE INTEREST OF A. C. J., a child.
(440 SE2d 751)

POPE, Chief Judge.

Appellant/mother seeks to appeal the order of the Juvenile Court of Gwinnett County terminating her parental rights with respect to her minor child, A. C. J.

The Department of Human Resources has filed a motion to dismiss this appeal on the basis that the notice of appeal was not filed within 30 days of an appealable order or judgment as required by OCGA § 5-6-38. We are constrained to agree and dismiss the appeal.

The record shows that the lower court's order terminating appellant's parental rights was signed by the trial judge on June 1, 1993 and filed on June 2, 1993. Appellant filed a motion for reconsideration, challenging the sufficiency of the evidence to support the termi-

nation order, on June 29, 1993. The trial court denied the motion on October 25, 1993, and appellant filed her notice of appeal on November 19, 1993.

It is well established that a motion for reconsideration does not extend the time for filing a notice of appeal. *Blackwell v. Sutton*, 261 Ga. 284 (404 SE2d 114) (1991). Moreover, although the motion for reconsideration filed in this case requested a new trial, it is also well settled that "a motion for new trial, even when timely filed, will not 'toll' the time for filing an appeal in a juvenile court case." *In the Interest of M. A. L.*, 202 Ga. App. 768, 769 (415 SE2d 649) (1992). Rather, the proper method for challenging an order of the juvenile court is by filing a motion to modify or vacate pursuant to OCGA § 15-11-42, and an order on such a motion is appealable to this court even if the order is rendered more than 30 days from the original order sought to be vacated or modified. *In the Interest of C. M.*, 205 Ga. App. 543, 544 (423 SE2d 280) (1992).

"In determining whether a motion filed within the 30-day statutory appeal period will be treated as a motion to vacate or modify pursuant to OCGA § 15-11-42, this court will look to the substance of the motion, not its nomenclature. [Cit.] Here, the only motion filed within the 30-day statutory appeal period did nothing more than challenge the sufficiency of the evidence [and state that the order was contrary to law and principles of equity and justice]. The motion made no reference to any of the factors which would warrant the vacation or modification of the court's order under OCGA § 15-11-42. Consequently, the motion in this case cannot be treated as a motion to modify or vacate pursuant to that section." *In the Interest of M. A. L.*, 202 Ga. App. at 769. Accord *In the Interest of C. M.*, 205 Ga. App. at 544.

It follows from the foregoing that the notice of appeal was not timely filed in this case and we are without jurisdiction to entertain this appeal, which must, therefore, be dismissed.

*Appeal dismissed. McMurray, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Lyle K. Porter*, for appellant.

*Michael J. Bowers*, Attorney General, *William C. Joy*, Senior Assistant Attorney General, *Teresa E. Lazzaroni*, Staff Attorney, *David E. Clark*, for appellee.