A94A0789. IN THE INTEREST OF T. A. W., a child.
(447 SE2d 136)

BEASLEY, Presiding Judge.

On October 27, 1993, T. A. W. was adjudicated delinquent and in need of treatment and rehabilitation as a result of his attempt to bur-

glarize a church. A motion for new trial or in the alternative, motion for reconsideration asserted that the petition was against the weight of the evidence and that the decision was inconsistent with T. A. W.'s best interests. In denying the motion, the trial court held that it lacked the authority to consider the merits of the motion because of the decisions of this court in *In the Interest of J. O.*, 191 Ga. App. 521 (382 SE2d 214) (1989), and *In the Interest of M. A. L.*, 202 Ga. App. 768 (415 SE2d 649) (1992), cert. denied, 202 Ga. App. 906 (1992), but noted that a state constitutional provision gave juvenile courts such authority.

In the sole enumeration of error, T. A. W. asserts that the trial court erred because Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983 authorizes the juvenile courts to grant new trials.

We do not have jurisdiction to decide the question. Acceptance or rejection of appellant's view that the provision of the State Constitution is self-executing requires a construction of it, which has not heretofore been undertaken by the Supreme Court of Georgia. The issue is whether this constitutional provision recognizes an inherent power of any court of record, including juvenile courts, to grant a new trial on legal grounds or otherwise vest such a power as a matter of constitutional right. To put it conversely, does this constitutional provision merely recognize the discretionary power of the legislature to expressly provide by statute which courts of record may exercise such a power? The construction of the Constitution, as opposed to its application, is within the exclusive appellate jurisdiction of the Supreme Court. 1983 Ga. Const., Art. VI, Sec. VI, Par. II (1). "This court has no jurisdiction to resolve such an issue." *Kolker v. State*, 193 Ga. App. 306, 307 (1) (387 SE2d 597) (1989), aff'd *Kolker v. State*, 260 Ga. 240 (391 SE2d 391) (1990); see *Duncan v. State*, 206 Ga. App. 407 (1) (425 SE2d 307) (1992).

In determining that the issue requires construction and not only application, we have considered the following. There is some authority for holding that a statute is unnecessary and that the patent omission of juvenile courts from OCGA § 5-5-1 is overridden by a combination of the last sentence of the Constitution's Art. VI, Sec. I, Par. IV and OCGA § 15-11-65 (b). That is to say, since the juvenile courts are courts of record, they are given the constitutional power to grant new trials and no legislative act was necessary to extend that power to them.

One analogy is found in *Daughtry v. State*, 115 Ga. 819, 821 (42 SE 248) (1902). The Court ruled that "under the constitution of this State the superior court has jurisdiction to correct the errors of all [inferior judicatories] by writ of certiorari. Civil Code § 5846. The fact that the act does not refer to this right does not deprive the superior court of its constitutional power to review by certiorari the judg-

ments of the court in question."

Another instance is the "transfer rule." Although there is no appellate decision to the effect that the "new trial" provision in self-executing, the transfer provision in Paragraph VIII, which is also a principle of judicial procedure and administration, did not require legislation to be effected. Instead, the Supreme Court adopted Uniform Transfer Rules after the Constitution was passed, "to implement" the constitutional mandate. 251 Ga. 893. This action, effective April 1, 1984, was pursuant to its authority in Art. VI, Sec. IX, Par. I. It also provided for transfer in Uniform Superior Court Rule 19, effective July 1, 1985. 253 Ga. 829 (1985).[1]

In *Long v. Bruner*, 171 Ga. App. 124, 125 (2) (318 SE2d 818) (1984), this court did not regard the constitutional transfer provision as self-executing but instead applied the Uniform Transfer Rules retroactively. When the trial court dismissed rather than transferred the case due to improper venue, the 1983 Constitution was in effect but the Uniform Transfer Rules were not. By the time of this court's review, the rules *were* in effect, so the judgment was reversed with direction to follow them.

Yet in *White Repair &c. Co. v. Oviedo*, 188 Ga. App. 672, 674 (3) (373 SE2d 784) (1988), we regarded the transfer provision as self-executing, citing it and a pre-rule case (*Edwards v. Edmondson*, 173 Ga. App. 353, 355 (326 SE2d 550) (1985) (physical precedent)), as sole authority without mentioning the Uniform Transfer Rules which were already in effect. Also in *Weitzel v. Griffin & Assoc.*, 192 Ga. App. 89 (383 SE2d 653) (1989), the Constitution was regarded as the authority requiring transfer rather than dismissal; no mention is made of the rules.

The Supreme Court, in *Bosma v. Gunter*, 258 Ga. 664 (373 SE2d 368) (1988), transferred an appeal to the superior court on the strength of the constitutional provision alone. It had no transfer rules, so in this instance the provision was regarded as self-executing. We did the same in *MacLellan v. Munford*, 189 Ga. App. 789 (377 SE2d 702) (1989), transferring an appeal from this court to the superior court and citing *Bosma*.

In other cases since the rules were adopted, both they and the Constitution are cited as authority for transfer. See, e.g., *Tampa Motel Mgmt. Co. v. Stratton of Fla.*, 186 Ga. App. 135, 137 (2) (366 SE2d 804) (1988) (physical precedent), applying the Constitution and USCR 19.1; *Douglas v. Gilbert*, 195 Ga. App. 796, 799 (395 SE2d 9) (1990), applying the Constitution and the Uniform Transfer Rules;

---

[1] It is noteworthy that rules made by the judicial branch govern transfer, an item of administration of the judicial highway, whereas law enacted by the legislative branch governs motions for new trial, also an item of administration.

*Womack Indus. v. Tifton-Tift County Airport Auth.*, 199 Ga. App. 237 (1) (404 SE2d 618) (1991), considering the interplay between the constitutional provision, USCR 19, and the Civil Practice Act requirements for filing an answer; and *Lewis v. Jarvis*, 207 Ga. App. 246 (427 SE2d 596) (1993), citing as authority for transfer rather than dismissal the Constitution, the CPA § 9-11-12, the Uniform Transfer Rules, USCR 19.1, and UStCR (A).

Whether the Supreme Court would construe the "new trial" provision as self-executing, so as to empower juvenile courts to entertain motions for new trial is for it, not this court, to say. That is a matter of constitutional construction. Unlike the subject of transfer, there is long-standing legislation authorizing the grant of new trials, but it does not embrace juvenile courts. OCGA § 5-5-1. There is another statutory method to challenge a juvenile court order. OCGA § 15-11-42. See *In the Interest of J. O.*, supra; *In the Interest of M. A. L.*, supra; *In the Interest of C. M.*, 205 Ga. App. 543 (423 SE2d 280) (1992).

If OCGA § 5-5-1 is to be regarded as legislation which implements the constitutional provision, just as court rules have implemented the transfer provision, then it would control and the decisions starting with *In the Interest of J. O.*, supra, would be correct. If it is unnecessary legislation because the constitutional provision is self-executing, then the 1986 amendment to OCGA § 5-5-1 was also unnecessary and may be more restrictive than the Constitution allows with respect to probate courts. Probate courts, too, are courts of record. OCGA §§ 15-9-39; 15-9-40; 15-9-41. *Greene v. Woodard*, 198 Ga. App. 427, 428 (401 SE2d 617) (1991).

The juvenile court is one of limited jurisdiction, and the Constitution provides that its jurisdiction shall be "as provided by law." Art. VI, Sec. III, Par. I. From this also it would appear that statute, not Constitution, governs whether it may grant new trials. See *West v. Hatcher*, 219 Ga. 540, 542 (134 SE2d 603) (1964).

The current constitutional provision regarding new trials differs from the previous Constitution, which had provided only that "The Superior, State, and City Courts may grant new trials on legal grounds." 1976 Ga. Const., Art. VI, Sec. IV, Par. VI. The 1983 Constitution states that "Each superior court, state court, and other courts of record may grant new trials on legal grounds." 1983 Ga. Const., Art. VI, Sec. I, Par. IV. The change was made by the Legislative Overview Committee, as the Select Committee on Constitutional Revision had omitted the sentence contained in the prior Constitution altogether. *State of Georgia Select Committee on Constitutional Revision 1977-1981*, Transcript of Meetings, Art. VI, Vol. III, Proposed Draft October 27, 1980. It is evident that it had been omitted intentionally as a matter of judicial procedure, which was already in exis-

tence and needed only amendment, more appropriately dealt with by law. It did not state a constitutional principle, that is, a precept of the State's basic aspirations and tenets. Leaving the subject to legislation alone would be in keeping with the philosophy to streamline the Constitution and omit matters which could be dealt with by the General Assembly, which could change it from time to time as need arose, and which were not of such significance that they deserved the vote of the entire voting public. *State of Georgia Select Committee on Constitutional Revision 1977-1981*, Transcript of Meetings, Legislative Overview Committee, Vol. III, August 7, 1981, p. 27. The Legislative Overview Committee returned it to the draft in a revised form. Id. at August 7, 1981, pp. 24-32 and August 12, 1981, pp. 106-108, 180-186.

That is what was adopted and remains today. What it means, vis-à-vis OCGA § 5-5-1, requires construction which has not yet been resolved by the Supreme Court of Georgia. Thus the case must be transferred to it.

*Case transferred to the Supreme Court of Georgia. Andrews, Johnson, JJ., and Senior Appellate Judge Harold R. Banke concur. Pope, C. J., Birdsong, P. J., and Smith, J., concur specially. McMurray, P. J., and Blackburn, J., dissent.*

BIRDSONG, Presiding Judge, concurring specially.

Pretermitting the issue of a juvenile court's authority to grant a new trial is the question of this court's jurisdiction to dispose of the matter by attempting to construe the provisions of Ga. Const. of 1983, Art. VI, Sec. I, Par. IV, as a matter of constitutional first impression. Such a determination perforce includes consideration as to the meaning and scope of the cited provision. For example, does this constitutional provision recognize an inherent power of any court of record, including juvenile courts, to grant a new trial on legal grounds or otherwise vest such a power as a matter of constitutional right, or, conversely, does this constitutional provision merely recognize the discretionary power of the legislature to provide expressly by statute which courts of record *may* exercise such a power? "This court has no jurisdiction to resolve such an issue." *Kolker v. State*, 193 Ga. App. 306, 307 (1) (387 SE2d 597), aff'd *Kolker v. State*, 260 Ga. 240 (391 SE2d 391); see *Duncan v. State*, 206 Ga. App. 407 (1) (425 SE2d 307). I concur with the majority that this case must be transferred to the Supreme Court. Id.; Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1).

SMITH, Judge, concurring specially.

I agree that this case must be transferred, but do so by taking what I consider to be a more conservative approach to the question at hand. Specifically, I choose to give appellant the benefit of every legal doubt.

I assume, without deciding, that the juvenile court has inherent authority as a court of record to grant new trials, and that no statutory provision is necessary to give effect to this constitutionally derived authority. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. OCGA § 15-11-65 (b). Since appellant has sought review in this court rather than the Supreme Court, I likewise assume that the constitutional provision in question is plainly worded and not subject to construction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). With these assumptions made, it becomes clear that our holdings in the cases cited by the dissent must be overruled or, in the alternative, that the statutes referenced in those cases must be declared unconstitutional to the extent they conflict with Art. VI, Sec. I, Par. IV. However, in my view only the Supreme Court may properly decide between these alternatives.

The dissent's position appears to be that giving effect to the former alternative is somehow within our jurisdiction based on the common sense notion that this court should have plenary power to correct its own errors in prior opinions, regardless of their nature. However, giving appellant the benefit of every doubt serves only to demonstrate that the constitutionality of OCGA §§ 5-5-1 and 15-11-42, as those statutes have been interpreted by this court, has "been drawn into question." Such cases are clearly within the exclusive jurisdiction of the Supreme Court. Art. VI, Sec. VI, Par. II (1). It is for this reason that I conclude this case must be transferred to the Supreme Court. It is for the same reason that I see no need to raise the much thornier question whether this is even a case requiring "constitutional construction." See *Spires v. Kim*, 203 Ga. App. 302 (416 SE2d 780) (1992); *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986).

I am authorized to state that Chief Judge Pope joins in this special concurrence.

BLACKBURN, Judge, dissenting.

I respectfully dissent.

The juvenile courts of this state have the authority to entertain motions for new trial. I do not agree with the majority that this court lacks appellate jurisdiction to consider the question presented herein because this question involves the application of a clear and unambiguous constitutional provision and statute to a given set of facts, rather than an actual construction of the constitutional provision as the majority maintains. As this court has previously held in *Oswell v. State*, 181 Ga. App. 35 (351 SE2d 221) (1986), we have the authority to address such an issue.

Under our state's constitution, "[e]ach superior court, state court, and other courts of record may grant new trials on legal grounds." Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. "The juvenile court is a court

of record. . . ." OCGA § 15-11-65 (b). Hence, our juvenile courts have the authority to entertain and grant motions for new trial based upon errors of law.

In recent decisions of this court, beginning with *In the Interest of J. O.*, 191 Ga. App. 521 (382 SE2d 214) (1989), which was subsequently relied upon in both *In the Interest of M. A. L.*, 202 Ga. App. 768 (415 SE2d 649) (1992), cert. denied, 202 Ga. App. 906 (1992), and *In the Interest of C. M.*, 205 Ga. App. 543 (423 SE2d 280) (1992), cert. denied, 205 Ga. App. 900 (1993), we held that juvenile courts are without power to grant motions for new trial based upon the language contained in OCGA § 5-5-1, wherein the legislature expressly granted this power to "superior, state, and city courts." The issue of the juvenile court's constitutional authority as a court of record to grant motions for new trial was not raised or addressed in the cases cited.

Upon consideration of Art. VI, Sec. I, Par. IV, of the Constitution of Georgia of 1983, I conclude that the juvenile courts of this state have the authority to consider motions for new trials for the correction of errors of law. To the extent that our prior decisions in *In the Interest of J. O.*, *In the Interest of M. A. L.*, and *In the Interest of C. M.*, could be interpreted in a manner inconsistent with this holding, they should be overruled.

Accordingly, the juvenile court's denial of T. A. W.'s motion for new trial should be reversed, and the case should be remanded to that court for consideration of the merits of the motion.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED JULY 14, 1994.

*Suzan G. Littlefield, Edwards & McLeod, Jennifer McLeod,* for appellant.
*Barry H. Wood,* for appellee.