S94A1650. IN THE INTEREST OF T. A. W., a child.
(454 SE2d 134)

HUNT, Chief Justice.

The issue in this case is whether juvenile courts have the authority to grant new trials. We hold that they do, and reverse.

In denying the child's, T. A. W.'s, motion for new trial, the juvenile court, while expressing its belief that the state constitution and statutes authorize the grant of a new trial by the juvenile court, held that it was constrained by the Court of Appeals' decisions to the con-

---

trary, *In the Interest of M. A. L.*, 202 Ga. App. 768 (415 SE2d 649) (1992) and *In the Interest of J. O.*, 191 Ga. App. 521 (382 SE2d 214) (1989). The Court of Appeals transferred the appeal to this court on the ground that it involved the construction of a constitutional provision, Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983. *In the Interest of T. A. W.*, 214 Ga. App. 1 (447 SE2d 136) (1994).

Art. VI, Sec. I, Par. IV of the Georgia Constitution of 1983 provides, in pertinent part: "[e]ach superior court, state court, and *other courts of record* may grant new trials on legal grounds." (Emphasis supplied.)[1]

Juvenile courts are courts of record. OCGA § 15-11-65 (b). Accordingly, juvenile courts are authorized to grant new trials.[2] To the extent *In the Interest of M. A. L.*, supra, and *In the Interest of J. O.*, supra, conflict with this opinion, they are overruled.

For the foregoing reasons, the order of the juvenile court is reversed, and this case is remanded to the juvenile court for proceedings consistent with this opinion.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MARCH 6, 1995.

*Suzan G. Littlefield, Edwards & McLeod, Jennifer McLeod,* for appellant.

*Barry Wood,* for appellee.

---

[1] This language replaced that of the prior Constitution which provided only that "[t]he Superior, State, and City Courts may grant new trials on legal grounds." Ga. Const. 1976, Art. VI, Sec. IV, Par. VI. For some of the history behind this change, see *In the Interest of T. A. W.*, supra, 214 Ga. App. at 4-5.

[2] Contrary to the argument of appellee, the prosecutor in this case, the omission of juvenile courts in subsection (a) of OCGA § 5-5-1 (which Code section concerns powers of probate, superior, state and city courts) from the list of courts specifically authorized to grant new trials, does not negate or otherwise affect the foregoing authority of juvenile courts to grant new trials.