62400. GIRARD v. WEISS et al.

BIRDSONG, Judge.
In Personam Jurisdiction—Long Arm Statute. This complex suit involved 42 plaintiffs who brought suit against Diversified Land Co. (DLC) and other defendants including the appellant Julius Girard. The gist of the suit is that DLC through several of its agents sold real estate to each of the 42 plaintiffs. This real estate was in small lots and located in and about Los Angeles County, California. The real estate generally was supposed to be in a very desirable location near a new international airport under development. In fact, the airport was not a reality, and the real estate sold was encumbered. Each plaintiff paid a substantial amount down on the purchase of the real estate and thereafter made monthly payments. DLC ultimately went into bankruptcy and the real estate scheme resulted in losses to the investors. The plaintiffs then brought suit against DLC, the owners, officers and agents of DLC and its affiliates seeking the return of their individual down payments, the monthly payments and punitive damages based upon the fraud perpetrated against them. Because most of the salesmen of DLC, DLC itself, and its officers and agents were nonresidents of Georgia but residents of California, service on the defendants was effected through the long

arm statute (Code Ann. §§ 24-113.1; 81A-104). Some of the defendants answered and others went into default. Default judgment was then taken against each defaulting defendant and a money verdict amounting to approximately $300,000 was made the judgment of the court against each of these defendants jointly and severally. The complaint in this case was exceedingly long, consisting of 926 paragraphs contained on 269 pages including the verifications. Paragraph 4 of the complaint alleges that Julius Girard is resident at 43850 20th East, Space 59, Lancaster, California. A close examination of the complaint and affidavits subsequently filed discloses that the appellant Julius Girard was an owner and probably an officer of DLC who had resided in a trailer court (containing approximately 150 trailers) in Space 59 located at 43850 20th East, Lancaster, California, for several years prior to the service of process. There is no allegation nor other evidentiary indication that Julius Girard was ever personally in the state of Georgia or conducted business in Georgia in his own behalf or on behalf of DLC or any of its affiliates. On November 29, 1979, service by publication was requested upon all the defendants except the appellant Julius Girard. Eventually service by publication was sought upon the appellant Julius Girard on April 1, 1980. Proof of publication in the local newspaper was placed in the record and showed Julius Girard's address to be 1136 East Ave., J-2 Lancaster, California, an address different than 43850 20th East, Space 59, Lancaster, California. An officer of the Los Angeles courts returned a form of service stating that he had made three unsuccessful attempts to serve Julius Girard. The addresses at which service was attempted were shown to be 1136 East Ave., J-2, Lancaster, California (the address shown in the newspaper publication); 1203 West Ave., K, Lancaster, California, and 2829 West Ave., I, Lancaster, California. As is discernible, none of these addresses at which unsuccessful service was attempted was similar to 43850 20th East, Space 59, Lancaster, California. The default judgment was entered on October 29, 1980. On February 23, 1981, Julius Girard moved to set aside the default judgment for lack of service and jurisdiction. Over four months after the entry of default judgment, on March 5, 1981, an affidavit was filed by appellees from a sergeant of the Van Nuys branch of the Los Angeles County Sheriff's Department as custodian of the records reflecting that four unsuccessful attempts were made to serve Julius Girard in 1979 at 48350 (not 43850)—20th East, Lancaster, California. It is noted that not only is the address 5,000 numbers off but also there is no showing that this was a trailer court and that Space 59 was made the attempt of the service. After argument of counsel, the trial court denied the motion to set aside the default judgment. Julius Girard

now brings this appeal urging as error basically that the court entered judgment against him personally without having personal jurisdiction. *Held:*

1. The exercise of jurisdiction over Girard by the Georgia court must depend upon two predicates, minimum contact and personal service of process in accordance with the provision of the long arm statute.

The courts of this state have previously discussed the requirements of "minimum contact" so as to confer personal jurisdiction over a nonresident. There are three broadly stated rules by which to judge the power of the forum state to exercise jurisdiction over a nonresident. These rules may be stated to be: "(1) The non-resident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum; . . . (2) The plaintiff must have a legal cause of action against the non-resident, which arises out of, or results from, the activity or activities of the defendant [non-resident] within the forum; and (3) If . . . the requirements of Rules (1) and (2) are [met, there must also exist] a 'minimum contact' between the nonresident and the forum. . . [Lastly,] the assumption of jurisdiction [by the forum] must be . . . consonant with . . . due process notions of 'fair play' and 'substantial justice.' Shellenberger v. Tanner, 138 Ga. App. 399, 404-405 (227 SE2d 266).

"The requirement of 'fair play' and 'due process' finds its genesis in the holding that 'due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' International Shoe Co. v. Washington, 326 U. S. 310, 316 (66 SC 154, 90 LE 95). This broad rule of 'due process' is somewhat modified by a subsequent holding that '[t]he application of that rule will vary with the quality and nature of the defendant's activity but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.' Hanson v. Denckla, 357 U. S. 235, 253 (78 SC 1228, 2 LE2d 1283)." *Coopers & Lybrand v. Cocklereece,* 157 Ga. App. 240, 243 (276 SE2d 845).

Our examination of the record in this case fails to disclose any factual predicate for the trial court's conclusion that Julius Girard ever purposefully availed himself personally of the privilege of doing business in Georgia. There is substantial evidence that the corporation (DLC) was present in this state through its agents and such presence probably was a sufficient contact to justify the

exercise of jurisdiction over it. Moreover, there was substantial evidence that a number of agents were present in this state acting either personally or on behalf of DLC so as to warrant the exercises of jurisdiction over those persons. However, we can find no evidence that Julius Girard was ever in this state or that he personally did anything to avail himself of the privilege of doing business in Georgia. Under the facts of the case as presented in this record, we must conclude that the exercise of jurisdiction over the person of Julius Girard offends against concepts of due process and fundamental fairness because of the absence of minimum contacts of Julius Girard in this state as an individual as opposed to Julius Girard as an officer or director of DLC. It is manifest that a joint and several judgment against Girard as well as DLC requires a personal contact by Girard in this forum as well as being an officer of DLC. Hanson v. Denckla, supra. The record does not support a finding of that minimum contact.

2. Secondly, in order to support the exercise of venue and jurisdiction over Julius Girard as a non-resident, the evidence must reflect that service upon Girard was in compliance with the statute authorizing such service. In order to justify service by publication where the address of the defendant is known, or believed to be known, generally it must be shown that service was attempted unsuccessfully at the defendant's last known address and that personal service was proven impossible. Code Ann. § 24-113.1. See Code Ann. § 81A-104 (e) (1) (i) and (iii). In this case, attempts were made on seven different occasions but there is no evidence that service was ever attempted at the address shown as appellant's address in the complaint, the same address which appellant verified as being the one at which he had resided for the past three and one-half years. The address shown as the residence of appellant in the service by publication was not that claimed by either paragraph 4 of the complaint or admitted by Julius Girard. Notice of that publication was not served upon Girard by the clerk of court because Girard's address was shown as "unknown." In short, we find a fatal non-compliance with a valid service or attempt to serve Julius Girard at 43850 20th East, Space 59, Lancaster, California. In the absence of any evidence of "minimum contacts" within this state by Girard in a personal capacity, and an obvious failure to comply with personal service requirements of our long arm statute, we conclude that the trial court erred in denying appellant's motion to set aside the default judgment in its order of March 25, 1981.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 5, 1981.

*Brian W. Wertheim,* for appellant.
*T. Cole Van Houten, Thomas F. McNally, Jr.,* for appellees.