### 75114. TAMPA MOTEL MANAGEMENT COMPANY et al. v. STRATTON OF FLORIDA, INC.
(366 SE2d 804)

BENHAM, Judge.

This appeal follows the trial court's grant of a motion to confirm and enforce an arbitration award, made by appellee Stratton of Florida ("Stratton"), and the denial of appellant Roberts' motion to dismiss for lack of personal jurisdiction and venue.

Appellant Tampa Motel Management Company ("TMMC") owned five sites under construction in Oklahoma and Florida. Appellant Roberts served as president, chairman of the board, and a director of TMMC. Appellee Stratton was the general contractor on the five TMMC construction projects. In an effort to resolve Stratton's claims of nonpayment by TMMC, the parties entered into an agreement on November 29, 1984, in which they agreed to submit to arbitration in Atlanta, Georgia, all claims and disputes concerning the five construction projects. Disputes again arose and in June 1985, Stratton

filed a demand for arbitration. After conducting a five-day hearing in Atlanta, attended by Roberts and representatives of TMMC and Stratton, the arbitrators entered an award on May 27, 1986, requiring TMMC and Roberts to pay Stratton $927,250. Four months after the award in its favor, Stratton filed its motion to confirm and enforce the arbitration award in the Superior Court of DeKalb County. TMMC and Roberts filed separate responses in which they claimed that the arbitration award was unenforceable for a number of reasons. Asserting that the trial court did not have personal jurisdiction over him and that venue in DeKalb County was improper, Roberts also filed a motion to dismiss Stratton's motion to confirm and enforce. The trial court denied Roberts' motion and granted Stratton's motion to confirm and enforce the arbitration award.

1. We initially address Roberts' assertions that he was not subject to the personal jurisdiction of the trial court, and that venue as to him was improper in DeKalb County.

In an affidavit filed in support of his motion to dismiss, appellant Roberts averred that the November 1984 agreement was signed in Fulton County, Georgia, after "minor negotiations in Fulton County." He swore that the agreement was "negotiated primarily" in Florida, and that no "negotiations, executions or other actions with regard to the Agreement" took place in DeKalb County, Georgia. Attorneys for appellee Stratton filed affidavits in which they chronicled the Atlanta negotiations of the agreement with appellant Roberts and his attorney, as well as the signing of the agreement in Atlanta. Paragraph 27 of the agreement states that the "Agreement and its performance shall be interpreted and construed in accordance with the laws of the State of Georgia." It is undisputed that Roberts attended the five-day arbitration hearing which was held in 1986 in the Colony Square complex located in Atlanta, Fulton County.

" ' "Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, . . ." ' Basically jurisdiction means the power of a court to render a binding judgment in the case, . . ." *Williams v. Fuller*, 244 Ga. 846 (3) (262 SE2d 135) (1979). "A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) [t]ransacts any business within this state. . . ." OCGA § 9-10-91. "Under our Long Arm Statute [OCGA § 9-10-91] jurisdiction over a nonresident exists on the basis of transacting business in this state [1] if the nonresident has purposefully done some act or consummated some transaction in this state, [2] if the cause of action arises from or is connected with such

act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice." *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973). "If . . . the requirements of Rules (1) and (2) are (met, there must also exist) a 'minimum contact' between the nonresident and the forum. . . . (Lastly,) the assumption of jurisdiction (by the forum) must be . . . consonant with . . . due process notions of 'fair play' and 'substantial justice.' [Cit] . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. [Cits.]" *Girard v. Weiss*, 160 Ga. App. 295 (1) (287 SE2d 301) (1981).

The execution of the agreement in Georgia is a sufficient purposeful transaction of business within the forum (*Bloise v. Trust Co. Bank of Savannah*, 170 Ga. App. 405 (1) (317 SE2d 249) (1984)), and the cause of action arises from and is connected with the consummation of the agreement. See *Davis Metals*, supra. By negotiating and signing within the geographic boundaries of Georgia an agreement which provided the protection of the laws of Georgia to the parties, appellant Roberts established a sufficient "minimum contact" with the State of Georgia to enable the courts of this state to exercise personal jurisdiction over him.

2. "[V]enue means the place of trial." *Williams v. Fuller*, supra, 849. When personal jurisdiction of a nonresident is acquired under the provisions of the Long Arm Statute (OCGA § 9-10-91), venue as to the nonresident is determined by OCGA § 9-10-93, which states that "[v]enue in cases under this article shall lie in any county wherein the business was transacted. . . ." Thus, venue as to nonresident Roberts, due to his transaction of business in Fulton County, was in Fulton County. See *Gowdey v. Rem Assoc.*, 176 Ga. App. 83 (2) (335 SE2d 309) (1985). Roberts' motion to dismiss due to improper venue should have been treated as a motion to transfer to the proper venue, and granted by the trial court. See 1983 Ga. Const., Art. VI, Sec. I, Par. VIII; Uniform Superior Court Rule 19.1, 253 Ga. 829 (1985).

Appellee Stratton contends that venue was proper in DeKalb County under the Georgia Arbitration Code for Construction Contracts ("Georgia arbitration code") (OCGA § 9-9-80 et seq.). OCGA § 9-9-84 (b) provides that "[v]enue for applications to the court shall lie: (1) In the county where the agreement provides for the arbitration hearing to be held or (2) If the hearing has already been held, in the county where it was held or (3) In the county where any party resides or does business." Stratton points out that TMMC is incorporated under the laws of Georgia with its registered office located in DeKalb County, and argues that TMMC's residency in DeKalb County, cou-

pled with OCGA § 9-9-84 (b) (3), makes venue as to both TMMC and Roberts proper in DeKalb County.

Stratton's argument and the facts of this case place in conflict the venue provision of the Long Arm Statute and subsection (b) (3) of the arbitration code venue provision. Stratton's position is premised on the applicability of the Georgia arbitration code to the case at bar. Appellants, on the other hand, maintain that the interstate nature of this case requires application of the Federal Arbitration Act (9 USCA § 1 et seq.), which provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid . . ." 9 USCA § 2. Commerce is statutorily defined as, among other things, "commerce among the several States." 9 USCA § 1. The Georgia arbitration code provides that it is applicable "only to construction contracts, contracts of warranty on construction, and contracts involving the architectural or engineering design of any building or the design of alterations or additions thereto . . . ." OCGA § 9-9-81 (b). The Georgia statute evidences a legislative intent to give effect to arbitration provisions contained in construction contracts. OCGA § 9-9-82. The involvement of a Florida resident, a Georgia corporation, and a Florida corporation in a dispute concerning sites in Oklahoma and Florida constitutes interstate commerce. See *Hilton Constr. Co. v. Martin &c. Contractors*, 251 Ga. 701 (308 SE2d 830) (1983); *McCormick-Morgan, Inc. v. Whitehead Elec. Co.*, 179 Ga. App. 10, 12 (345 SE2d 53) (1986); *ADC Constr. Co. v. McDaniel Grading Co.*, 177 Ga. App. 223 (1) (338 SE2d 733) (1985).

While the federal and state arbitration codes are very similar and embody their respective legislature's intent to enforce commercial arbitration agreements, this court, in the only case in which there might have been presented a choice between applying state law or federal law, held that state law and policy must yield to the federal statute if interstate commerce is involved. *ADC Constr. Co. v. McDaniel Grading*, supra. Since the federal statute is applicable, Stratton's venue argument, premised on application of the state statute, must fail. Even if the Georgia arbitration code, complete with its venue provision, were applicable, its conflict with the venue provision of the Long Arm statute would result in the enforcement of the long arm venue provision since it rests upon notions of due process, fair play, and substantial justice (see *Shellenberger v. Tanner*, 138 Ga. App. 399, 402 (227 SE2d 266) (1976)), and the venue provision of the arbitration code is not based upon similar constitutional ideals. In actuality, the two venue provisions will be only facially conflicting since the conflict arises only when one party is not from Georgia, and the state arbitration law, due to preemption by the federal arbitration code when interstate commerce is involved, will never be applicable where

one party is not from Georgia.

3. While venue as to appellant Roberts was improper in DeKalb County, that site was proper as far as TMMC was concerned. See 1983 Ga. Const., Art. VI, Sec. IV, Par. II. Therefore, we address the merits of TMMC's appeal.

The trial court's order confirming and enforcing the arbitration award is based upon the Georgia arbitration code. However, as we have pointed out, the federal arbitration law supplanted the Georgia statute due to the presence of interstate commerce. While it may have been error to apply the Georgia statute to the facts of this case, we must determine whether that error resulted in harm to appellant TMMC. *Clements v. Toombs County Hosp. Auth.*, 175 Ga. App. 651 (2) (334 SE2d 188) (1985).

In its sole non-jurisdictional enumeration of error, appellant TMMC contends that the trial court erred in confirming the award of the arbitrators because the arbitrators exceeded the scope of their authority. TMMC pleaded this allegation as a "defense" in its response to Stratton's motion to confirm and enforce the arbitration award. The trial court treated appellant's objections to the confirmation and enforcement of the award as an application to vacate or modify the award, permitted under the Georgia arbitration code in OCGA §§ 9-9-93 and 94, and concluded that appellant's application was time-barred under the statutory scheme.

Under the federal statute, both state and federal courts have subject-matter jurisdiction to give force and effect to the federal arbitration code. See *Hilton Constr. Co. v. Martin &c. Contractors*, supra. Upon application to the court for confirmation of the arbitration award, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 USCA §§ 10 and 11]." 9 USCA § 9. The court may vacate, modify, or correct an award if a party makes such an application and cites one of the statutory grounds found in 9 USCA §§ 10 and 11 for the application. However, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 USCA § 12. The award in the case at bar stated it was "in full settlement of all claims submitted to this arbitration," was dated May 27, 1986, and was alleged to have been delivered on May 29, 1986. For purposes of the three-month statute of limitation, the award was made final by May 29, 1986. See *Colavito v. Hockmeyer Equip. Corp.*, 605 FSupp. 1482 (S.D., N.Y. 1985). TMMC filed its response to the motion to confirm, citing statutory grounds for vacation of the award, on November 17, 1986, nearly six months after the date of the arbitration award. Even applying the federal statute to the case at bar, the trial court was correct in ruling that the substance of TMMC's response to the motion to confirm was

time-barred.

TMMC, citing a treatise on commercial arbitration, maintains that it was entitled to raise as defenses to Stratton's motion to confirm those issues it might earlier have raised in a motion to vacate, modify, or correct. Inasmuch as a motion to confirm may be made within one year of the arbitration award (9 USCA § 9), TMMC's position flies in the face of the clear statutory time limitations of 9 USCA § 12, as well as the established case law. Once the three-month period following the filing or delivery of the arbitration award has expired, any attempt to vacate or modify the award including opposition to a motion to confirm, cannot be made. *Taylor v. Nelson*, 788 F2d 220 (4th Cir. 1986); *Florasynth, Inc. v. Pickholz*, 750 F2d 171 (2nd Cir. 1984); *Brotherhood of Teamsters &c. v. Celotex Corp.*, 708 F2d 488 (9th Cir. 1983).

Since under the applicable federal statute appellant's objections to the motion to confirm were time-barred and the trial court was required to enter an order confirming the award, we find that no harm resulted from the trial court's application of the similar Georgia statutory scheme. Accordingly, we affirm the trial court's confirmation of the arbitration award as against TMMC, and reverse and remand that portion of the case involving Roberts, with direction that it be transferred to the proper venue, Fulton County.

4. Stratton's motion for the assessment of damages for frivolous appeal is denied.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Banke, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED MARCH 1, 1988.

*Celeste McCollough, John L. Taylor, Jr.*, for appellants.
*Bryan M. Cavan, C. Walker Ingraham*, for appellee.