JOHN M. O'QUINN, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, a Texas General Partnership, John M. O'Quinn & Associates, L.L.P. d/b/a O'Quinn & Laminack, John M. O'Quinn Law Firm, P.L.L.C., and O'Quinn & Laminack, Appellants,

v.

Martha WOOD and Patricia Haynes, Appellees.

In re John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack, John M. O'Quinn & Associates, a Texas General Partnership, John M. O'Quinn & Associates, L.L.P. d/b/a O'Quinn & Laminack, John M. O'Quinn Law Firm, P.L.L.C., and O'Quinn & Laminack.

Nos. 12–07–00050–CV, 12–07–00109–CV.

Court of Appeals of Texas, Tyler.

Dec. 21, 2007.

Billy Shepherd, Mike Hatchell, Austin, Kirsten M. Castaneda, Dallas, for appellant in 12–07–00050–CV.

Joseph D. Jamail, Jr., Houston, J. Woodfin Jones, Austin, Deborah J. Race, Tyler, for appellee in 12–07–00050–CV.

Mike Hatchell, Austin, Kirsten M. Castaneda, Dallas, Billy Shepherd, Sam W. Cruse, Jr., John D. Vogel, Allison Standish Miller, Houston, J. R. Phenix, for relator in 12–07–00109–CV.

Judge J. Clay Gossett (pro se), Henderson, for respondent.

Douglas W. Alexander, Austin, Robert B. Dubose, Houston, J. Woodfin Jones, Austin, Deborah J. Race, Tyler, for real party in interest in 12–07–00109–CV.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

---

*OPINION*

BRIAN HOYLE, Justice.

John M. O'Quinn, P.C. d/b/a O'Quinn & Laminack; John M. O'Quinn & Associates, a Texas General Partnership; John M. O'Quinn & Associates, L.L.P. d/b/a O'Quinn & Laminack; John M. O'Quinn Law Firm, P.L.L.C.; and O'Quinn & Laminack (collectively "O'Quinn") bring a parallel interlocutory appeal and mandamus proceeding[1] complaining of the trial court's order denying, on the merits, its motion to vacate the arbitration panel's class determination award.[2] We dismiss O'Quinn's interlocutory appeal for want of jurisdiction and deny its petition for writ of mandamus.

*BACKGROUND*

O'Quinn represented Martha Wood, Patricia Haynes, and allegedly approximately three thousand other women (collectively "the putative class members") in breast implant litigation. The putative class members signed contingent fee agreements with O'Quinn. Those agreements required that all disputes between O'Quinn and the putative class members be resolved by arbitration. Following the settlements of the putative class members' claims related to their breast implants, O'Quinn deducted 1.5% of the settlement proceeds for expenses common to all clients in the litigation. Alleging that this deduction breached their contract with O'Quinn, Wood and Haynes, individually and as class representatives, filed suit.

O'Quinn filed a motion to compel arbitration, which was granted by the trial court. On motion by Wood and Haynes, the trial court reconsidered its prior order

---

1. The Honorable J. Clay Gossett, Judge of the 4th Judicial District Court, Rusk County, Texas, is the respondent. Martha Wood and Patricia Haynes are the real parties in interest.

2. As used here, the term "class determination award" indicates a decision by an arbitrator or arbitration panel to certify a class.

and entered a second order authorizing the arbitrator "to determine all class action issues." The case proceeded to arbitration and the arbitration panel ruled by a majority opinion to certify the putative class members as a class, issuing a class determination award.

O'Quinn then filed under seal in the trial court a motion to vacate the arbitration panel's class determination award. The trial court denied "ON ITS MERITS" O'Quinn's motion. O'Quinn now challenges the trial court's order and has filed a parallel interlocutory appeal and mandamus petition. We consolidate the two proceedings for purposes of this opinion and dispose of them simultaneously.

### INTERLOCUTORY APPEAL

■ O'Quinn and the putative class members agreed that any dispute arising out of their respective fee agreements would be submitted to arbitration under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C.A. §§ 1–16 (West, Westlaw, through May 2002 amendments).[3] When applying the FAA, we look to federal law to resolve substantive issues, but apply state law to resolve procedural issues. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 271–72 (Tex.1992) (orig.proceeding). The availability of appellate review is a procedural issue. *Id.* at 272. Therefore, we apply Texas procedure in determining the proper avenue for review of the challenged order. *Id.*

■ Unless specifically authorized by statute, Texas appellate courts may review only final orders or judgments. *Id.* As a general rule, a final order or judgment is one that finally disposes of all remaining parties and claims, based on the record, regardless of its language. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200

(Tex.2001); *see also Wagner v. Warnasch,* 156 Tex. 334, 338, 295 S.W.2d 890, 892 (1956) (final order disposes of all issues and parties "so that no future action by the trial court will be necessary in order to settle and determine the entire controversy"). *But see Brittingham–Sada de Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006) (recognizing that in probate cases, multiple judgments final for purposes of appeal can be rendered on certain discrete issues). This rule applies whether the merits of a case will be decided in the trial court or through arbitration. *See Childers v. Advanced Found. Repair, L.P.,* 193 S.W.3d 897, 898 (Tex.2006) (per curiam) (order compelling arbitration, otherwise interlocutory, is made final by dismissal of all parties and claims in case); *Brooks v. Pep Boys Automotive Supercenters,* 104 S.W.3d 656, 660 (Tex. App.-Houston [1st Dist.] 2003, no pet.) (order compelling arbitration without dismissing lawsuit is interlocutory per se because it does not dispose of all parties and issues).

■ Here, the order denying O'Quinn's motion to vacate disposed of only a single discrete issue in the case; it did not finally dispose of all parties and claims. Therefore, the order is interlocutory. *See Transwestern Pipeline Co. v. Blackburn,* 831 S.W.2d 72, 74 (Tex.App.-Amarillo 1992, orig. proceeding) (trial court's discovery order signed after initiation of arbitration "merely incident to the final resolution of the main cause" and therefore interlocutory). Further, no statutory exception exists granting O'Quinn a right to appeal this interlocutory order.

An interlocutory order of a district court, county court at law, or county court that certifies or refuses to certify a class is appealable by interlocutory appeal pursuant to section 51.014 of the Texas Civil

---

**3.** For simplicity, we have cited only the current version of the FAA.

Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2007). However, there is no similar provision in section 51.014 authorizing an interlocutory appeal of either a class certification by an arbitration panel or a decision by the trial court refusing to vacate such a certification. Further, we must strictly construe section 51.014 as "a narrow exception to the general rule that only final judgments and orders are appealable." *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001). Taking an expansive view of section 51.014 would be inappropriate. *See id.*

■ We note that the Texas General Arbitration Act ("TGAA") authorizes the appeal of a judgment or decree "confirming or denying confirmation of an award." TEX. CIV. PRAC. & REM.CODE ANN. § 171.098(a)(3) (Vernon 2005). However, when considered in the context of the TGAA and its purpose, we understand the "award" referred to by the statute to be the final arbitration award and not merely any arbitration panel intermediate decision labeled "award."[4] The fact that the arbitration panel's class certification decision was labeled, under the AAA rules and in the document's heading, as a "Class Determination Award" does not transform the intermediate decision of the panel into a final arbitration award. "Because the main benefits of arbitration lie in [the] expedited and less expensive disposition of a dispute," we conclude that it is unlikely that the Texas Legislature intended for appellate courts to construe the TGAA as going beyond permitting appeals from judgments or decrees confirming or denying final arbitration awards. *See Jack B. Anglin*, 842 S.W.2d 266, 269.

O'Quinn points out that the AAA rules themselves refer to a class determination award as a "reasoned partial final award." AAA Supplementary Rules Regarding Class Arbitration, Rule 5(a), available at http://www.adr.org/sp.asp?id=21936. However, those same rules also state that a "Class Determination Award may be altered or amended by the arbitrator before a final award is rendered." AAA Supplementary Rules Regarding Class Arbitration, Rule 5(e), available at http://www.adr.org/sp.asp?id=21936. Therefore, the AAA rules consider a class determination award to be something less than the final arbitration award contemplated by the TGAA.

The order denying O'Quinn's motion to vacate is not a final order and does not fall within a statutory exception to the general rule requiring that Texas courts review only final orders or judgments. Therefore, the order is not appealable, and we do not have jurisdiction of O'Quinn's interlocutory appeal. *See Jack B. Anglin*, 842 S.W.2d at 272. Accordingly, we address O'Quinn's complaints on mandamus.

### MANDAMUS

In seeking mandamus relief, O'Quinn argues that the trial court abused its discretion by denying O'Quinn's motion to vacate the arbitration panel's class determination award.

### Availability of Mandamus

■ Mandamus is an extraordinary remedy intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding) (quoting *Holloway v. Fifth Ct. of App.*, 767 S.W.2d 680, 684 (Tex.1989)). Mandamus will issue only to

---

4. The purpose of the TGAA is to ensure that parties can enforce their right to an arbitration proceeding and not be forced by adverse

parties into full litigation of their dispute. *See Vireo, P.L.L.C. v. Cates,* 953 S.W.2d 489, 497 (Tex.App.-Austin 1997, pet. denied).

correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding); *Walker*, 827 S.W.2d at 839–40. Such a limitation is necessary to preserve "orderly trial proceedings" and to prevent the "constant interruption of the trial process by appellate courts." *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994) (orig.proceeding) (quoting *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex. 1969) (orig.proceeding)). Consistent with this narrow approach to mandamus, the burden of showing an abuse of discretion, as well as the inadequacy of a remedy by appeal, is placed on the relator. *Canadian Helicopters*, 876 S.W.2d at 305; *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex.App.-Tyler 2005, orig. proceeding).

A trial court commits a clear abuse of discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Cerberus Capital*, 164 S.W.3d at 382; *Walker*, 827 S.W.2d at 839–40. Regarding the second requirement, whether a relator has an adequate remedy by appeal, the supreme court has explained that

> [t]he operative word, "adequate", has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests. Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding).

### Discussion

█ In its mandamus petition, O'Quinn argued that mandamus relief was needed because "[i]mproper class treatment vitiates or severely compromises O'Quinn's ability to present viable defenses to each [p]laintiff's claims [during the arbitration]." O'Quinn complained that allowing the arbitration to proceed as a class arbitration would be a "waste of time and monetary resources." O'Quinn stated that

> ... refusing to vacate the [class determination award] skews the arbitration's procedural dynamics.... Class treatment makes it more likely that O'Quinn will be found liable and more likely that there will be a significantly higher damage award.... The general "insurmountable pressure" on defendants to settle as a class action proceeds is heightened—and an [ordinary] appeal rendered inadequate—because the arbitrators are continuing to conduct hearings as a class action.... Effectively,

Plaintiffs are getting a free ride and have little incentive to resolve the dispute economically and efficiently.

O'Quinn has also argued that, were mandamus relief not granted, it would be "deprived of the benefits of the arbitration clause ... contracted for, which include the opportunity to seek interlocutory review of a class determination award...." According to O'Quinn, the harm resulting from a completed arbitration would be "irreparable."

O'Quinn admitted at oral argument that, since the time of the trial court's order, the arbitration panel has completed its arbitration and issued a final arbitration award and that there were both motions to confirm and vacate that award pending before the trial court. As such, any "irreparable" harm resulting from the trial court's refusal to vacate the class determination award has already been suffered.[5]

 O'Quinn contended at oral argument that the application of a different standard of review, such as the harmless error doctrine, would render its remedy by ordinary appeal inadequate. However, the purpose of mandamus proceedings is not to provide a vehicle to circumvent harmless error review.[6] Further, were the shifting of the standard of review from abuse of discretion to harmless error a valid reason for mandamus relief, virtually every civil litigant would be entitled to a myriad of mandamus proceedings. Such an exception would eviscerate the current rules limiting mandamus review.

Because this case will very shortly be ripe for an ordinary appeal, and because mandamus relief would not prevent the harm described, we conclude that O'Quinn has an adequate remedy by appeal. *See id.*

## DISPOSITION

O'Quinn's interlocutory appeal is ***dismissed for want of jurisdiction.*** Because O'Quinn has an adequate remedy by appeal, its petition for writ of mandamus is ***denied.***

---

5.  O'Quinn also argued that
    [t]he arbitrator's award on the merits has not yet proceeded to a final award, since it is subject to a motion for reconsideration. This Court still has the opportunity to grant O'Quinn at least part of the benefits of the contractual arbitration provision by granting the requested mandamus relief....

Because a final arbitration award has been entered, we need not address this argument.

6.  We do not address whether the harmless error standard of review is applicable to direct appeals of a trial court's refusal to vacate an arbitration panel's class certification award.