## A07A1621. McDONALD v. H & S HOMES, LLC.
### (658 SE2d 901)

BARNES, Chief Judge.

Christina L. McDonald sued H & S Homes, LLC ("H & S") in Alabama for fraud relating to her purchase of a mobile home. Pursuant to an arbitration agreement executed at the time of sale, H & S required McDonald to arbitrate her claims. On April 9, 2004, an arbitrator awarded McDonald $500,000 plus costs, and the Alabama court entered judgment based on the award later that month.

In May 2005, McDonald petitioned to domesticate the Alabama judgment in the Superior Court of Putnam County, H & S's last known county of residence. H & S objected, asserting that the arbitration award and resulting judgment were obtained through fraud and misconduct. Agreeing with H & S, the trial court refused to enforce the foreign judgment. McDonald appeals, and for reasons that follow, we reverse.

H & S attacked the Alabama judgment under OCGA § 9-11-60 (d) (2), which authorizes a trial court to set aside a judgment based on "[f]raud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant." See *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 466 (602 SE2d 231) (2004) ("The proper method for attacking a foreign judgment . . . is a motion to set aside under OCGA § 9-11-60 (d)."). According to H & S, McDonald fraudulently manipulated the arbitrator selection process to obtain a partial arbitrator with close ties to her attorney.[1]

This case, however, does not simply involve domestication of a foreign judgment. At the heart of that judgment is an arbitration award conducted under the Federal Arbitration Act ("FAA"), 9 USC § 1 et seq. In essence, H & S asks us to set aside that award.

The United States Congress has adopted a liberal policy favoring arbitration, a swift and inexpensive means for dispute resolution. *Wise v. Tidal Constr. Co.*, 261 Ga. App. 670, 673 (1) (583 SE2d 466) (2003); see also *Bryan County v. Yates Paving &c. Co.*, 281 Ga. 361, 363 (638 SE2d 302) (2006). To further this policy, Congress limited the avenues for challenging an arbitration award under the FAA. See 9 USC § 10. A party may move to vacate an award based on fraud, corruption, or partiality of the arbitrator. 9 USC § 10 (a). Notice of the

---

[1] Under the arbitration agreement, H & S had no voice in the selection of the arbitrator. Instead, the arbitrator was to be chosen by GreenPoint Credit, LLC – the assignee of the retail installment contract underlying the mobile home purchase – and consented to by McDonald. See *McDonald v. H & S Homes*, 853 S2d 920, 924-925 (Ala. 2003). H & S claims that McDonald's counsel "coerced" GreenPoint into selecting counsel's friend as an arbitrator in exchange for counsel's agreement not to add GreenPoint to the lawsuit.

motion, however, must be served on the opposing party or attorney "within three months after the award is filed or delivered." 9 USC § 12. This relatively short limitation period is intended " 'to accord the arbitration award finality in a timely fashion.' " *Olson v. Wexford Clearing Svcs.*, 397 F3d 488, 492 (7th Cir. 2005); see also *Galindo v. Lanier Worldwide*, 241 Ga. App. 78, 84 (4) (526 SE2d 141) (1999) (motion to vacate properly denied for failure to comply with 9 USC § 12).

The record shows that following the arbitration, H & S did not move to vacate the award under the procedures established by the FAA. Instead, it appealed the award to the Alabama Supreme Court, asserting that the arbitrator manifestly disregarded the law in several respects. See *H & S Homes v. McDonald*, 910 S2d 79, 81 (Ala. 2004). The Alabama Supreme Court found no manifest disregard and affirmed the award in December 2004. See id. at 85.

McDonald subsequently petitioned to domesticate the Alabama judgment in Georgia. At that point, H & S asserted for the first time that the award resulted from fraud, corruption, and partiality — the exact allegations on which Congress placed a three-month time limitation. Without dispute, H & S failed to raise this claim within the period established by 9 USC § 12. It suggests, however, that the time limitation does not apply because it moved to set aside the judgment under OCGA § 9-11-60 (d), rather than the FAA.

We disagree. A party to arbitration cannot circumvent the statute of limitation governing arbitration awards simply by raising its claim through OCGA § 9-11-60.[2] To find otherwise would undermine the intent of Congress, which explicitly restricted the time period for challenging such awards. See *Langfitt v. Jackson*, 284 Ga. App. 628, 635 (3) (644 SE2d 460) (2007) ("To the extent that state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress, it will be preempted by the FAA.") (punctuation omitted).

Thus, regardless of the procedural vehicle used to attack an arbitration award, the attack must be brought within the FAA's three-month limitation period. See *Lafarge Conseils et Etudes, S.A. v. Kaiser Cement &c. Corp.*, 791 F2d 1334, 1339 (9th Cir. 1986) (after expiration of three-month period, a party may not "collaterally attack [an arbitration] award under the guise of a motion to set aside the judgment confirming the award"); *Corey v. New York Stock Exchange*,

---

[2] McDonald argues that OCGA § 9-11-60 (d) can never be used to challenge an arbitration award governed by the FAA. Because we have resolved the appeal on other grounds, we need not address this argument.

691 F2d 1205, 1212 (6th Cir. 1982) (failure to comply with three-month period foreclosed judicial review of claims of wrongdoing, fraud, and corruption during arbitration proceeding); *ML Park Place Corp. v. Hedreen*, 862 P2d 602, 611 (Wash. App. 1993) (motion to set aside judgment cannot be used as an "alternative route" to attack an arbitration award after expiration of three-month challenge period); see also *Tampa Motel Mgmt. Co. v. Stratton of Florida*, 186 Ga. App. 135, 140 (3) (366 SE2d 804) (1988) ("Once the three-month period following the filing or delivery of the arbitration award has expired, any attempt to vacate or modify the award . . . cannot be made.") (physical precedent only).

On appeal, H & S argues that it did not discover the alleged collusion and resulting partiality until after the limitation period expired, when McDonald moved to domesticate the Alabama judgment in Georgia. But H & S does not specifically claim that the time period should be tolled pending discovery of fraud or misconduct. See *Olson*, supra, 397 F3d at 490 ("The plain language of § 12 does not provide for any exceptions to the three-month window and says nothing about tolling."). Moreover, pretermitting whether a discovery rule might apply in some cases, the facts do not support tolling here.

According to H & S, the arbitrator's undisclosed personal and business relationship with McDonald's counsel — apparently they were friends, had previously referred cases to each other, and had tried a case together[3] — made the arbitrator partial toward McDonald. Their relationship, however, was not secret. The two local attorneys who represented H & S in the Alabama proceeding were also friends with both the arbitrator and McDonald's attorney. Furthermore, the local legal community had a regular practice of referring cases among lawyers, generally resulting in a fee for the referring attorney, and the arbitrator had referred cases to or received referrals from defense counsel.

H & S claims that it was "shocked" by the size of the arbitration award. Nevertheless, it waited until well after the limitation period ended to explore whether the known friendship between McDonald's counsel and the arbitrator, or the collaborative environment within the local legal community, somehow infected the award. Under these circumstances, H & S cannot establish that it acted with reasonable diligence in discovering the arbitrator's relationship with McDonald's attorney or in challenging the arbitration award. Even if a discovery rule applied, therefore, the limitation period would not be tolled here. See *Cullen v. Paine, Webber, Jackson & Curtis*, 863 F2d 851, 854 (11th Cir. 1989) (untimely motion to vacate arbitration

---

[3] The arbitrator is a practicing plaintiffs' attorney in Alabama.

award properly denied; even if "due diligence" exception applied to three-month limitation period, movant failed to demonstrate that he exercised diligence in failing to file timely motion); *Small v. Savannah Intl. Motors*, 275 Ga. App. 12, 17 (6) (619 SE2d 738) (2005) (to take advantage of federal discovery rule, claimant must exercise reasonable diligence in discovering fraud).

H & S's collateral attack on the arbitration award was untimely. See 9 USC § 12; *Tampa Motel Mgmt. Co.*, supra, 186 Ga. App. at 139-140 (3). Accordingly, the trial court erred in refusing to enforce the Alabama judgment based on this attack. See *ML Park Place Corp.*, supra, 862 P2d at 611 (parties disappointed by an arbitration result should not be allowed to "embroil their adversaries in costly and time-consuming postjudgment judicial proceedings").

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 7, 2008 —

*Hall, Bloch, Garland & Meyer, F. Kennedy Hall*, for appellant.
*Bovis, Kyle & Burch, Steven J. Kyle, John H. Peavy, Jr.*, for appellee.