A08A0617. CYPRESS COMMUNICATIONS, INC. v. ZACHARIAS.

(662 SE2d 857)

MIKELL, Judge.

The Superior Court of Fulton County denied Cypress Communications, Inc.'s ("Cypress") motion to vacate an arbitration award on the ground that it was not filed timely. Cypress appeals the trial court's order, and we affirm.

Chris Zacharias filed a Demand for Class Arbitration with the American Arbitration Association ("AAA") against Cypress, a telecommunications provider, seeking to recover damages for Cypress's charges of fees of up to $18.50 per month to its customers who wished to receive paper invoices. Zacharias alleged that the fee was not disclosed in Cypress's marketing materials or service agreements and that once customers were under contract with Cypress, they would incur a severe cancellation penalty for cancelling their contracts because of the charges. Zacharias sought class arbitration on several causes of action, including unfair and deceptive business practices, breach of contract, fraud, and negligent misrepresentation.

Before reaching the merits of a claim for class arbitration, the arbitrator must decide at the outset whether the matter is appropriate for class arbitration. Section 3 of the AAA's Supplementary Rules for Class Arbitration ("AAA Class Rules") states that

> [u]pon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class (the "Clause Construction Award"). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not

intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court.

In his "Class Action, Clause Construction Partial, Final Arbitration Award" (the "Award"), the arbitrator concluded that the contracts at issue permitted the arbitration to proceed on behalf of a class within the meaning of Section 3, and stayed all proceedings for 45 days. The Award was transmitted to the parties via electronic mail on December 5, 2006.

The stay of arbitration expired on January 19, 2007. On January 23, 2007, the AAA requested a status update from counsel. Cypress's counsel informed the AAA case administrator that he had not seen the December 5 e-mail and had no knowledge of the Award until their conversation. On January 24, 2007, the AAA sent a hard copy of the Award to the parties via regular mail, noting therein that the Award had been electronically delivered on December 5, 2006. Also on that day, Cypress's counsel forwarded a letter to the AAA, complaining that the Award should have been faxed and requesting that all time periods triggered by the issuance of the Award be deemed to commence as of January 23, 2007. Zacharias opposed Cypress's request. The issue of service of the Award was submitted to the arbitrator, who determined that the 45-day stay would begin to run on February 20, 2007. That stay expired on April 6, 2007.

Cypress filed its motion to vacate the Award on April 5, 2007. Zacharias opposed the motion, arguing, among other things, that the motion was untimely because it was filed more than three months after the issuance of the Award. The trial court entered its order, ruling that Cypress's motion was untimely pursuant to OCGA § 9-9-13 (a). The court found that OCGA § 9-9-10 (a) of the Georgia Arbitration Code, codified at OCGA § 9-9-1 et seq., authorized the delivery of the award "as provided in the agreement" and that the agreement here was governed by the Commercial Arbitration Rules of the AAA. The trial court cited Rule 45 of those rules, which provides that "[p]arties shall accept as notice and delivery of the award . . . electronic service of the award." The trial court also concluded that the arbitrator's stay of arbitration had no effect on the statutory limitation period. Accordingly, the trial court denied

the motion as untimely, and Cypress filed this direct appeal, challenging the ruling.

1. Zacharias has moved to dismiss this appeal on the grounds that this Court lacks jurisdiction of the matter because the trial court's order was not a final order, pursuant to OCGA § 5-6-34. We disagree.

In accordance with OCGA § 5-6-34 (a) (1), a direct appeal is permitted from a judgment "where the case is no longer pending in the court below." Pursuant to subsection (e) of OCGA § 9-9-13, any ruling made under the statute "shall constitute a final judgment and shall be subject to appeal in accordance with the appeal provisions of this part." Once the trial court concluded that Cypress did not comply with the statutory limitation period rule set forth in OCGA § 9-9-13 (a), nothing remained for the trial court's consideration. Therefore, an appeal from that ruling cannot be considered interlocutory in nature, and therefore, did not require Cypress to file an application for discretionary appeal as a prerequisite to this court obtaining jurisdiction in the case.

Our research has revealed no authority in Georgia that addresses judicial review of the various phases of class arbitration as set forth in the AAA Class Rules. Zacharias urges us to consider *John M. O'Quinn, P. C. v. Wood*,[1] in which the plaintiffs involved in breast implant litigation sued their law firm for breach of contract related to attorney fees. The law firm moved to compel arbitration, and the arbitrator ruled to certify the putative class members as a class. The law firm filed a motion to vacate the award, which was denied on the merits. The law firm appealed and the Texas Court of Appeals ruled that the trial court's class determination award "disposed of only [one] single discrete issue in the case; it did not finally dispose of all parties and claims. Therefore[ ] the order [was] interlocutory"[2] and was not an appealable order,[3] and the court had no jurisdiction over the appeal.[4]

*O'Quinn* is not controlling authority in Georgia. Furthermore, it is distinguishable from the instant case. Here, the lawsuit did not commence in the trial court. Instead, it appeared in the trial court for the sole purpose of addressing the single, discrete issue of the validity of the class determination award. Therefore, after the ruling on the motion to vacate, no issues remained for the trial court's consideration. Accordingly, the trial court's ruling on the motion was a final

---

[1] 244 SW3d 549 (Tex. App. 2007).

[2] Id. at 552.

[3] Id. at 553.

[4] Id.

ruling, which is directly appealable pursuant to OCGA § 5-6-34 (a)(1).[5] Therefore, Zacharias's motion to dismiss is denied.

In their supplemental brief, Zacharias argues that a recent United States Supreme Court decision, *Hall Street Assoc. v. Mattel, Inc.*[6] supports their position that a party can only seek judicial review of a final arbitration award. *Hall Street* is inapposite here. It addresses the question of "whether statutory grounds [under sections 9, 10, and 11 of the Federal Arbitration Act ('FAA')] for prompt vacatur and modification may be supplemented by contract."[7] The arbitration agreement involved in *Hall Street* allowed for judicial review for legal error.[8] The Supreme Court held that §§ 10 and 11 provided the exclusive means of review for parties seeking expedited review under the FAA. The Court noted in its opinion that it was speaking "only to the scope of the expeditious judicial review under §§ 9, 10, and 11 [of the FAA], deciding nothing about other possible avenues for judicial enforcement of arbitration awards."[9] *Hall Street*, therefore, acknowledges that there may be other possible avenues of judicial review of arbitration awards, and accordingly, does not preclude direct review of the class determination award in this case.

2. Cypress argues that the trial court's denial of its motion to vacate as untimely was erroneous. We disagree.

---

[5] See also *Roland v. Ford Motor Co.*, 288 Ga. App. 625, 632 (2) (655 SE2d 259) (2007) (affirmed trial court's denial of motion for class certification on direct appeal); *Rollins, Inc. v. Warren*, 288 Ga. App. 184, 191 (1) (653 SE2d 794) (2007) (reversed trial court's grant of class certification).

[6] ___ U. S. ___ (128 SC 1396, 170 LE2d 254) (2008).

[7] Id. at 1400. "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11. Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." (Footnote omitted.) Id. at 1402 (II). 9 USC § 10 (a) provides for an award to be vacated:

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 USC § 11 allows for the modification of an award

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award. (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted. (c) Where the award is imperfect in matter of form not affecting the merits of the controversy. The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

[8] Id. at 1401.

[9] Id. at 1406 (IV).

Pursuant to OCGA § 9-9-13 (a), "[a]n application to vacate an award shall be made to the court within three months after delivery of a copy of the award to the applicant." OCGA § 9-9-10 (a) provides, in relevant part, that "[t]he arbitrators shall deliver a copy of the award to each party personally or by registered or certified mail or statutory overnight delivery, return receipt requested, or as provided in the agreement." In the agreement in this case, the parties agreed to be bound by the Commercial Arbitration Rules and Mediation Procedures of the AAA ("AAA Rules").[10] Rule 45 of the AAA Rules governs the delivery of an award to parties and provides that

> [p]arties shall accept as notice and delivery of the award the placing of the award or a true copy thereof in the mail addressed to the parties or their representatives at the last known addresses, personal or electronic service of the award, or the filing of the award in any other manner that is permitted by law.

There is no dispute here that the Award was sent via electronic mail on December 5, 2006. Cypress does not argue that it did not receive the e-mail. Rather, Cypress contends that Rule 39 of the AAA Rules provided that e-mail could not be used as a means of communication unless all parties and the arbitrator expressly agreed that it could be so used. However, Rule 39 governs the service of notices,[11] not awards. Rule 45 expressly governs the delivery of awards and states that an award can be delivered by electronic mail.

Since the Award was delivered on December 5, 2006, pursuant to OCGA § 9-9-13 (a), the motion to vacate it should have been filed within three months of that date.[12] Cypress states that it first learned

---

[10] See *Faiyaz v. Dicus*, 245 Ga. App. 55, 59 (4) (537 SE2d 203) (2000) (parties agreed to be bound by AAA rules, and OCGA § 9-9-10 (a) authorized the applicability of AAA rule regarding delivery of award).

[11] R-39. Serving of Notice. (a) Any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules, for any court action in connection therewith, or for the entry of judgment on any award made under these rules may be served on a party by mail addressed to the party. . . . (b) The AAA, the arbitrator and the parties may also use overnight delivery or electronic facsimile transmission (fax), to give the notices required by these rules. Where all parties and the arbitrator agree, notices may be transmitted by electronic mail (E-mail), or other methods of communication.

[12] OCGA § 9-9-13 (a). See *Witherington v. Adkins*, 271 Ga. App. 837, 843 (2) (610 SE2d 561) (2005) ("application to vacate must be filed 'within three months after delivery of a copy of the award to the applicant' "). See also *Tampa Motel Mgmt. Co. v. Stratton of Florida*, 186 Ga. App. 135, 140 (3) (366 SE2d 804) (1988) (physical precedent only) ("Once the three-month period following the filing or delivery of the arbitration award has expired, any attempt to vacate or modify the award . . . cannot be made.") (citations omitted). See generally *McDonald v. H & S Homes*, 290 Ga. App. 103 (658 SE2d 901) (2008) (motion challenging award under the

of the Award on January 23, 2007. At that time, however, Cypress still had 41 days within which it could file its application to vacate the Award in compliance with the statutory period provided by OCGA § 9-9-13 (a). Yet, it chose not to do so. Cypress cannot now be allowed to circumvent the statute of limitation governing arbitration awards because it does not wish to be bound by the rules to which it agreed. Accordingly, we find that the trial court properly denied Cypress's motion to vacate the Award as untimely.

3. Cypress argues that the trial court should have vacated the Award on the merits. The trial court did not rule on this issue, and therefore, we cannot address this enumeration of error. "This court is for the correction of errors of law, and where the trial court has not ruled on an issue, we will not address it."[13]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JUNE 4, 2008.

*Kitchens New, Randy L. New,* for appellant.
*Bondurant, Mixson & Elmore, M. Jerome Elmore, Tiana S. Mykkeltvedt, Sarah M. Shalf,* for appellee.

---

Federal Arbitration Act must be brought within the FAA three-month statute of limitation, and party could not circumvent the act by raising claims under a state statute).

[13] (Punctuation and footnote omitted.) *CDP Event Svcs. v. Atcheson*, 289 Ga. App. 183, 187 (2) (656 SE2d 537) (2008).