# Court of Appeals
# of the State of Georgia

ATLANTA,   October 27, 2023

*The Court of Appeals hereby passes the following order:*

**A24D0096. IN THE INTEREST OF N. K., A CHILD (PARENTS).**

On September 8, 2022, the juvenile court granted the petition for permanent guardianship filed by Latasha Johnson Edelen, the maternal great aunt of minor child N. K., and denied the petition for permanent guardianship filed by the child's foster parents, Stacie and William Fisher. The Fishers filed a timely notice of appeal on October 3, 2022. On May 31, 2023, Edelen filed in the juvenile court a motion to dismiss the appeal under OCGA § 5-6-48 (c) based on the delay in filing the transcript that she alleged was caused by the Fishers. The juvenile court granted the motion and dismissed the appeal on July 27, 2023. The Fishers filed a motion to reconsider, which the juvenile court denied. The Fishers then filed this application for discretionary appeal. We, however, lack jurisdiction.

A notice of appeal or, when required, an application for discretionary appeal, must be filed within 30 days of entry of the decision or judgment complained of. See OCGA § 5-6-35 (d) (application for discretionary appeal); OCGA § 5-6-38 (a) (notice of appeal). Moreover, as a general rule, the denial of a motion for reconsideration of an appealable order or judgment is not itself appealable and the filing of a motion for reconsideration does not extend the time for filing an appeal or an application for discretionary appeal. See *Wright v. Wright*, 367 Ga. App. 15, 17, n.2 (884 SE2d 610) (2023); *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000). And to the extent that an order denying a motion to set aside or modify a juvenile court order is directly appealable, the Fishers' motion for reconsideration set forth none of the grounds for setting aside, changing, modifying, or vacating a juvenile court order listed in OCGA § 15-11-32 (fraud, mistake, lack of jurisdiction, newly discovered

evidence, or changed circumstances). Rather, their motion invoked the inherent power of the court to reconsider its judgment, such that we must construe it as a motion for reconsideration. See *In the Interest of A. C. J.*, 211 Ga. App. 865, 866 (440 SE2d 751) (1994) (motion that made no reference to factors that would warrant vacating or modifying juvenile court order cannot be treated as a motion to vacate or modify); see also *Masters v. Clark*, 269 Ga. App. 537, 538-539 (604 SE2d 556) (2004) (pleadings are judged by their substance and function).

The Fishers filed their application for discretionary appeal on September 28, 2023, 63 days after the July 27, 2023 entry of the order dismissing their notice of appeal. Thus, the application is untimely as to that order, and their subsequent motion for reconsideration did not extend the time to file an application. Finally, the denial of their motion for reconsideration was not itself appealable. Accordingly, we lack jurisdiction to consider this application, which is hereby DISMISSED.

Edelen's motion for a frivolous appeal penalty against the Fishers pursuant to Court of Appeals Rule 7 (e) is hereby DENIED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__10/27/2023__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.